Slip Op. 02-133

# UNITED STATES COURT OF INTERNATIONAL TRADE

———————————————————— :
                           :
E.T.I.C., INC.,                    :
                           :
             Plaintiff,      :
                           :
             v.               :      Court No. 98-03-00519
                           :
THE UNITED STATES,       :
                           :
             Defendant.     :
———————————————————— :

[Judgment for Plaintiff.]

Dated: October 31, 2002

Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP (Robert B. Silverman, Peter W. Klestadt and Michael T. Cone) for plaintiff.

Robert D. McCallum, Jr., Assistant Attorney General, John J. Mahon, Acting Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Mikki Graves Walser), Edward N. Maurer, Office of the Assistant Chief Counsel, United States Customs Service, of counsel, for defendant.

## OPINION

**RESTANI, Judge:**

This matter is before the court on plaintiff's motion for summary judgment. Plaintiff alleges that, for tariff classification purposes, the tomato products at issue that it imported are "sauces and preparations therefor" under subheading 2103.90.90 of the Harmonized Tariff Schedule of the United States ("HTSUS") (1996 & 1997). Defendant alleges that the United States Customs Service ("Customs") properly classified the imports as "tomatoes, whole or in

pieces" "prepared or preserved otherwise than by vinegar or acetic acid" under HTSUS subheading 2002.10.00. Four entries were of product from Spain ("Malpica entries") and two entries were of product from Italy ("D'Oltremare entries"). The entries at issue were made in 1996 and 1997.

There is little for the court to decide in this matter. Plaintiff has submitted an affidavit by an E.T.I.C. employee familiar with the manufacturing and use of the tomato product at issue describing the product as composed of tomatoes, salt, basil, and citric acid, and that it is an intermediate product for producing finished tomato sauce. (See Mortati Decl. ¶¶ 5, 8.) The affiant also asserts that the product is identical in all respects to that at issue in Orlando Food Corp. v. United States, 21 CIT 187 (1997), aff'd, 140 F.3d 1437 (Fed. Cir. 1998) (holding that the tomato product is properly classified as a preparation for sauce).[1] (Mortati Decl. at ¶ 9.) The same person provided the affidavit in Orlando.

The counter affidavit provided by defendant is authored by a Customs import specialist who did not examine the product at issue. (See Hopard Decl. ¶ 8.) Defendant puts much stock in the invoice descriptions describing the products as "peeled tomatoes" or "peeled tomatoes in heavy juice." These are the same types of descriptions used in the invoices in Orlando. (Pl.'s Statement of Material Facts ¶ 4; Def.'s Response ¶ 4.) In any case, invoice descriptions are often written in vague terms, and there is no legal requirement that the words used in invoice descriptions match classification categories exactly. See generally 19 U.S.C. §§ 1484-1485 (1994).

---

[1] Both courts in Orlando relied on the analysis set forth in Nestle Refrigerated Food Co. v. United States, 18 CIT 661 (1994), which involved a product containing chopped tomatoes. Thus, whether the tomatoes are whole or in pieces appears irrelevant.

The court concludes that the "heavy juice" referred to in the Malpica entries is equivalent to the "puree" mentioned in <u>Orlando</u>, 140 F.3d at 1439, because an E.T.I.C. employee with knowledge has sworn that the products are the same.  The Customs import specialist admits that he does not know what "heavy juice" means.  (Hopard Decl. ¶ 8.)  Furthermore, speculation as to the possibility of uses other than that found in <u>Orlando</u> does not refute the clear description of use provided in Mortati's affidavit.[2]  Lack of knowledge in the face of knowledge does not create a material issue of fact.

Moreover, defendant's discussion of <u>stare decisis</u> and res judicata in classification matters has no relevance. The issue before the court is not whether defendant may relitigate in order to introduce new evidence to prove the classification clearly erroneous.  <u>See</u> <u>Schott Optical Glass, Inc. v. United States</u>, 750 F.2d 62, 64 (Fed. Cir. 1984) (recognizing an exception to <u>stare decisis</u> where a party can introduce new evidence that the court's prior classification was clearly erroneous).  Defendant has not offered evidence which is <u>new</u> to this matter.  Defendant apparently wishes this court to disregard the holding of the Court of Appeals that the product at issue, which based on this record the court must find to be the same as the product in <u>Orlando</u>, is classifiable under HTSUS subheading 2103.90.90.

Whether a matter involves classification or some other issue, the court must apply the holdings of its Court of Appeals.  Supreme Court Justice Robert Jackson could have been speaking as a Court of Appeals judge in this instance when he said, "[w]e are not final because we are infallible, but we are infallible only because we are final."  <u>Brown v. Allen</u>, 344 U.S. 443,

---

[2]  While some cans were unbranded in <u>Orlando</u>, others were branded.  (<u>See</u> Pl.'s Reply Br. Ex. C.)  Thus, branding is not a significant difference.

540 (1953) (Jackson, J., concurring).  The court has no intention of further exploring a legal

conclusion that is final and binding.

The court is mystified as to why no sample was obtained in discovery or why defendant

seems to think it can take up plaintiff's and the court's time, if it will not make the effort to find

out what product it is classifying.[3]  If the defendant wishes to litigate the classification of this

type of tomato product in this court, it must obtain a sample, examine it, and demonstrate that

there is something to distinguish this matter from <u>Orlando</u>.  There is no purpose to litigating here

under any other circumstances.  If the defendant merely wishes a judgment which it may pursue

on appeal in order to seek <u>en banc</u> review, it has its adverse judgment, but it should not actively

litigate the case in this court as it has.

Judgment will enter for plaintiff.


                                      _____
                                             Jane A. Restani
                                              JUDGE


Dated:   New York, New York.

        This 31st day of October, 2002.

---

[3] For example, defendant says it wishes to cross-examine Mr. Mortati, but it did not request time to depose him.  Nor apparently did it obtain probative evidence on marketing, use, or any other relevant issue.