BOEN HARDWOOD FLOORING, INC., Plaintiff–Appellee,

v.

UNITED STATES, Defendant–Appellant.

No. 03–1287.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 2, 2004.

John J. Galvin, Galvin & Mlawski, of New York, NY, argued for plaintiff-appellee.

Barbara S. Williams, Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, International Trade Field Office, of New York, New York, argued for defendant-appellant. With her on the brief were David M. Cohen, Director, United States Department of Justice, of Washington, DC; and John J. Mahon, Acting Attorney in Charge, International Trade Field Office, of New York, NY. Of counsel on the brief was Yelena Slepak, Attorney, Office of Assistant Chief Counsel, Bureau of Customs and Border Protection.

Before MAYER, Chief Judge, MICHEL and SCHALL, Circuit Judges.

MAYER, Chief Judge.

The United States Customs Service ("Customs") appeals the judgment of the Court of International Trade, which held that Boen Hardwood Flooring, Inc.'s ("Boen") imported hardwood flooring should not be classified under heading 4412 of the Harmonized Tariff Schedule of the United States ("HTSUS") as "plywood." *Boen Hardwood Flooring, Inc. v. United States,* 254 F.Supp.2d 1349 (Ct. Int'l Trade 2003). Because the trial court incorrectly defined the term "plywood," we reverse.

## Background

In 1995, Boen imported laminated floor panels into the United States. The panels are composed of three layers. The top layer is constructed of two hardwood strips measuring ⅛ inch thick and 2 ¾ inches wide. The center layer, or core, is constructed of spruce slats, which are 5⁄16 inch thick, 1 1⁄16 inches wide and 5 9⁄16 inches long, laid lengthwise so that the grain runs perpendicular to the top and bottom layers. According to the trial court, there is "minor but visible spacing between each piece" of the core. 254 F.Supp.2d at 1353. The bottom layer consists of two spruce strips measuring ⅛ inch thick and 2 ¼ to 2 ¾ inches wide.

Customs initially classified the merchandise under subheading 4418.30.00, HTSUS, which covers "builders' joinery and carpentry of wood, including cellular wood panels and assembled parquet panels." Boen protested the liquidation, claiming that its merchandise fell under heading 4409, HTSUS, which covers "[w]ood ... continuously shaped ... along any of its edges or faces, whether or not planed [or] sanded." Customs denied the protest and Boen appealed to the Court of International Trade.

After discovery, Customs abandoned its initial classification and determined that Boen's product was more properly classified under heading 4412, HTSUS, which covers "[p]lywood, veneered panels, and similar laminated wood." On cross-motions for summary judgment, the court held that the merchandise should not be classified under either heading 4409 or as plywood under heading 4412, HTSUS.

254 F.Supp.2d at 1359–61.[1] Instead, it classified the flooring as "veneered panels" under heading 4412, HTSUS, and, more specifically, under subheading 4412.29.50, which covers "Other, with at least one outer ply of non-coniferous wood: Other." *Id.* at 1364. In so holding, the court determined that the merchandise was not plywood because the slats used to construct the core layer "do not form a continuous surface or expanse." *Id.* at 1361.

On appeal, Customs challenges the court's determination that Boen's product does not constitute plywood. It believes that the merchandise should be classified under either subheading 4412.29.10 or 4412.29.30, HTSUS. Boen does not challenge the court's refusal to classify the merchandise under heading 4409, HTSUS.

### Discussion

■ "We review the grant of summary judgment by the Court of International Trade *de novo*." *Pomeroy Collection, Ltd. v. United States,* 336 F.3d 1370, 1371 (Fed. Cir.2003); *see also Gen. Elec. Co.–Medical Systems Group v. United States,* 247 F.3d 1231, 1234 (Fed.Cir.2001). Summary judgment is appropriate in this case because there is no issue of material fact regarding the nature of the imported merchandise. *See Gen. Elec.,* 247 F.3d at 1234; *Bausch & Lomb, Inc. v. United States,* 148 F.3d 1363, 1365 (Fed.Cir.1998). As such, the outcome depends entirely on the interpretation of the relevant tariff provisions, which we determine *de novo. See Gen. Elec.,* 247 F.3d at 1234.

■ "The proper classification of merchandise is governed by the General Rules of Interpretation (GRI) to the HTSUS." *Gen. Elec.,* 247 F.3d at 1235; *see also Orlando Food Corp. v. United States,* 140 F.3d 1437, 1439 (Fed.Cir.1998). GRI 1 states that a product's classification is determined by first looking to the headings and section or chapter notes. *Gen. Elec.,* 247 F.3d at 1235. Then, we decide the proper subheading. *Orlando,* 140 F.3d at 1440. The terms used in the headings and subheadings are given their "common and popular meaning." *Medline Indus., Inc. v. United States,* 62 F.3d 1407, 1409 (Fed.Cir. 1995). Therefore, we may rely upon our "own understanding, dictionaries and other reliable sources." *Id.*

■ This case hinges on the definition of "plywood." If, as Boen contends, "plywood" does not encompass a product having a middle layer composed of slightly spaced slats or strips, the judgment below should be affirmed. On the other hand, if "plywood" includes merchandise that has minor spacing between the strips or slats composing its core, Customs' classification should be adopted. We believe that Boen's product is plywood.

"Plywood" is defined by the Voluntary Product Standards PS 1–95 ("VPS"), section 2.36, as

> a flat panel built up of sheets of veneer called plies, united under pressure by a bonding agent to create a panel with an adhesive bond between plies as strong as or stronger than, the wood. Plywood is constructed of an odd number of layers with grain of adjacent layers perpendicular. Layers consist of a single ply or two or more plies laminated with parallel grain direction.

Similarly, Terms of the Trade at 252 (4th ed.2000), defines plywood as "[a] flat panel made up of a number of thin sheets, or veneers, of wood in which the grain direction of each ply, or layer, is at right angles to the one adjacent to it." Finally, Merriam–Webster's Collegiate Dictionary at 906 (10th ed. 1999), defines plywood as

---

1. Initially, the court found that the merchandise was not plywood because the thickness of the center layer exceeded 6 mm. Upon Customs' request for rehearing and modification, the court vacated this opinion.

"[a] structural material consisting of sheets of wood glued or cemented together with the grains of adjacent layers arranged at right angles or at a wide angle."

The trial court ruled that "[t]he definitions of 'veneer' and 'sheet' indicate that the layers forming plywood are 'continuous expanses' of material of a constant thickness." 254 F.Supp.2d at 1361. Therefore, "[t]he separate slats cannot constitute a 'sheet' because they do not form a continuous surface or expanse." *Id.* None of the definitions of "plywood" cited above, or those found elsewhere,[2] however, are nearly so restrictive. The court's interpretation of "plywood," which imports the requirement that each layer be composed of a single, continuous sheet of wood, ignores the reality of the product and defies the accepted commercial meaning of the term. The terms "sheet" and "veneer" are not used here in their scientific or theoretical sense. Rather, they should be given their common meaning. *See Medline Indus.*, 62 F.3d at 1409.

There are three common characteristics of "plywood" found in the definitions provided above: (1) there must be at least three layers; (2) each layer must be arranged at a right angle to its adjacent layer; and (3) the layers must be bonded together. There is no requirement that each layer be constructed in a certain manner. We conclude, therefore, that the terms "sheet" and "veneer" are not limited to a continuous expanse and that "ply-wood" encompasses a product whose middle layer is composed of slats or strips with minor spacing between them.

The VPS further convinces us that Boen's merchandise is "plywood." According to the VPS, section 2.11, the core layer of plywood may be composed of "crossbands," which are defined as "parallel laminated plies." Thus, the core of plywood may be composed of slats laid side-by-side. VPS, section 2.12, further indicates that plywood may have "crossband gap[s]," which are defined as "open joint[s] extending through or partially through a panel,. which result[ ] when crossband or center veneers are not tightly butted." This section suggests that some gapping between the pieces used to construct the core of plywood is anticipated. Finally, VPS, Section 5.8.1,[3] discusses the amount of spacing allowed in the core layer of plywood. The VPS illustrates that the core layer of plywood can be constructed of crossbands and commonly contains gaps. The presence of such gapping cannot, therefore, serve to distinguish Boen's merchandise. *Cf. Carl Zeiss, Inc. v. United States*, 195 F.3d 1375, 1379 (Fed.Cir.1999) ("One who argues that a tariff term should not be given its common or dictionary meaning must prove that it has a different commercial meaning that is definite, uniform and general throughout the trade.").

Having determined that Boen's flooring is "plywood," as that term is commonly understood, we turn next to the appropri-

---

**2.** Explanatory Notes to heading 4412, HTSUS, defines "plywood" as "three or more sheets of wood glued and pressed one on the other and generally disposed so that the grains of successive layers are at an angle; this gives the panels greater strength and, by compensating shrinkage, reduces warping. Each component sheet is known as a 'ply' and plywood is usually formed of an odd number of plies, the middle ply being called the 'core'."

**3.** VPS, section 5.8.1, entitled "Crossband gaps and center gaps," states, "Crossband gaps or center gaps, except as noted for plugged crossband and jointed crossband, shall not exceed 25 mm (1 inch) in width for a depth of 205 mm (8 inches) measured from panel edge. The average of all gaps occurring in a panel shall not exceed 12.7 mm (½ inch). Where inner layers are thicker than 6.4 mm (¼ inch), gaps in the laminated plies shall be offset 25 mm (1 inch) if over 6.4 mm (¼ inch) wide."

ate subheading. The top layer of the flooring is composed of oak, maple, birch, beech, ash, cherry, merbau, angelique or mutenye, all of which are hardwoods. Subheading 4412.29.10, HTSUS, covers "Plywood, veneered panels and similar laminated wood: Other, with at least one outer ply of non-coniferous wood: Other: With a face ply of birch." Subheading 4412.29.30, HTSUS, on the other hand, covers "Plywood, veneered panels and similar laminated wood: Other, with at least one outer ply of non-coniferous wood: Other: Other." Because some of the flooring has a birch top layer it is most suitable for classification under 4412.29.10, HTSUS, which specifically covers plywood with a birch face ply. The remaining product, which contains a mix of hardwoods not directly referenced in HTSUS, should be classified under 4412.29.30, HTSUS, because no other subheading describes the characteristics of the flooring more closely.

### Conclusion

Accordingly, the judgment of the Court of International Trade is reversed.

*REVERSED.*