LOURIE, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority’s conclusion that Lucarotin® 1% (“Lucarotin”) was not entitled to duty-free treatment under the PA. Lucarotin is not simply beta-carotene; it is a 1% formulation of beta-carotene. As indicated by its title and the lack of more expansive terms or contrary statements in the heading, the PA is apparently intended to comprise substances that are to be used as pharmaceuticals and are substantially pure. A one percent dispersion of beta-carotene intended for use as a coloring matter does not meet those criteria, as 99% of the dispersion is not beta-carotene and the intended use of Lucarotin as coloring matter indicates that it is not intended to be used as a pharmaceutical.
However, I respectfully dissent from the majority’s conclusion that Lucarotin is properly classified under 3204.19.35 and is not a “preparation.”
The relevant portions of the HTSUS at issue are as follows:
3204 Synthetic organic coloring matter, whether or not chemically defined; preparations as specified in note 3 to this chapter based on synthetic organic coloring matter; synthetic organic products of a kind used as fluorescent brightening agents or as luminophores, whether or not chemically defined:
[unnumbered] Synthetic organic coloring matter and preparations based thereon as specified in note 3 to this chapter:
3204.11 Disperse dyes and preparations based thereon:
3204.12 Acid dyes, whether or not premetal-lized, and preparations based thereon; mordant dyes and preparations based thereon:
3204.13 Basic dyes and preparations based thereon:
3204.14 Direct dyes and preparations based thereon: ❖ * *
3204.15 Vat dyes (including those usable in that state as pigments) and preparations based thereon: * * H=
3204.16 Reactive dyes and preparations based thereon:
3204.17 Pigments and preparations based thereon:
3204.19 Other, including mixtures of coloring matter of two or more of the subheadings 3204.11 to 3204.19:
Solvent dyes and preparations based thereon:
Other:
3204.19.35 Beta-carotene and other caro-tenoid coloring matter
Other:
3204.19.40 Products described in additional U.S. note 3 to section VI
3204.19.50 Other
3204.20 Synthetic organic products of a kind used as fluorescent brightening agents:
3204.90.00 Other
The trial court determined that it need not reach the question whether Lucarotin is a “preparation” because it found “Beta-carotene ... coloring matter” in subheading 3204.19.35 to be sufficiently broad to *1329 encompass Lucarotin. However, the government renewed its arguments here that Lucarotin is properly classifiable as a “preparation,” asserting that the trial court failed to account for the structure of the headings under 3204 and failed to give appropriate weight to the significant differences in the content and properties of Lucarotin versus pure beta-carotene. More specifically, the government argues that the use of a semicolon between “Synthetic organic coloring matter” and “preparations ... based on synthetic organic coloring matter” in heading 3204 indicates a clear distinction between those two categories. In addition, the government argues that while Lucarotin includes beta-carotene as a source of color, the other 99% of its content significantly alters its properties, including making it water-soluble, in order to make it suitable for use as a food and beverage colorant.
In response, BASF argues that Lucaro-tin is a mixture and a coloring matter rather than a preparation, so that the government’s argument about the semicolon in heading 3204 is irrelevant. BASF also argues that Lucarotin is a mixture in which the beta-carotene is not altered by the formulation process (ie., that it does not undergo a chemical change).
While the trial court did not decide the “preparation” issue, it was raised below, has been fully briefed, and involves interpretation of the tariff schedule, a matter of law. Thus, I would decide the matter here and conclude that Lucarotin is a “preparation.”
We addressed the meaning of “preparation” in Orlando Food Corp. v. United States, 140 F.3d 1437 (Fed.Cir.1998), and stated that “[i]nherent in the term ‘preparation’ is the notion that the object involved is destined for a specific use. The relevant definition from the Oxford English Dictionary defines a ‘preparation’ as ‘a substance specifically prepared, or made up for its appropriate use or application, e.g. as food or medicine, or in the arts or sciences.’ ” Id. at 1441 (citation omitted). Thus, under the definition provided in Orlando, Lucarotin clearly is a “preparation.” The trial court found, and the parties do not dispute, that Lucarotin is synthetic beta-carotene that has been dissolved in soybean oil, mixed with a vitamin C derivative and vitamin E to prevent oxidation, then mixed with carbohydrate fillers to provide hardness and make it water soluble, and finally mixed with, an anti-caking agent. Similarly, the trial court found, and the parties do not dispute, that Lucar-otin is sold for use as a colorant in a wide variety of foods including beverages and baked goods. Lucarotin has thus been prepared in a very specific way for a particular use, and thus it is a “preparation.”
The government argues that preparations of beta-carotene coloring matter are classifiable under 3204.19.40 because of the structure of the headings under 3204 described above and because our decision in Lynteq controls on the issue of how to classify preparations when not otherwise specifically recited. The government further argues that because each of the six-digit headings listed under 3204 before 3204.19 recites a particular type of coloring matter “and preparations based thereon,” the lack of such specific language in subheadings 3204.19 and 3204.19.35 demonstrates that preparations of beta-carotene coloring matter were intended to be classified under the 3204.19.40 “Other” subheading.
I would conclude that the government is correct in urging that Lucarotin is properly classifiable under subheading 3204.19.40. Heading 3204 recites “preparations as specified in note 3 to this chapter based on synthetic organic coloring matter.” Thus, *1330 “preparations” are clearly included under 3204.
Next, the six-digit subheadings 3204.11 through 3204.17 all recite a type of coloring matter “and preparations based thereon.” Subheading 3204.19, on the other hand, does not specifically recite preparations, except for a subheading entitled “Solvent dyes and preparations based thereon,” which is not relevant here. Preparations of beta-carotene coloring matter, then, must be classified under the subsequent “Other” subheading of 3204.19, under either 3204.19.35, 3204.19.40, or 3204.19.50. The Lucarotin preparation cannot be classified under 3204.19.35, because, as indicated above, it is not beta-carotene and other carotenoid coloring matter, but is a preparation thereof. Subheading 3204.19.40, on the other hand, recites “[p]roducts described in additional U.S. note 3 to section VI.” Additional U.S. note 3 to section VI states that the term “products described in additional U.S. note 3 to section VI are any product [under the 3204 Synthetic organic coloring matter heading] not listed in the Chemical Appendix to the Tariff Schedule.” (emphasis added), and it is uncontested that Lucarotin is not listed in the Chemical Appendix. Therefore, because Lucarotin is a synthetic organic coloring matter not listed in the Chemical Appendix, it is properly classified under 3204.19.40 as “Other: Products described in additional U.S. note 3 to section VI.” It should incidentally be noted that subheading 3204.19.40 lacks the special “K” designation, and thus, for that reason as well, Lucarotin is not eligible for duty-free treatment under the PA.
The majority relies on the rule of relative specificity. However, I believe that reliance is misplaced. Heading 3204 specifically distinguishes preparations of coloring matter from coloring matter alone. Thus, General Rule of Interpretation 1, which requires “classification ... be determined according to the terms of the headings,” takes precedence over General Rule of Interpretation 3, which includes the rule of relative specificity. Subheading 3204.19.35 only recites beta carotene and other carotenoid subject matter, which does not include Lucarotin, whereas 3204.19.40 covers preparations, which does cover Lucarotin. Therefore, I believe those headings require that a preparation of beta carotene coloring matter be classified under 3204.19.40.
Thus, I would reverse the Court of International Trade’s decision classifying Lu-carotin under heading 3204.19.35 of the HTSUS and classify it under heading 3204.19.40.