# United States Court of Appeals for the Federal Circuit

05-1477, -1523

BASF CORPORATION,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Cross Appellant.

Frederic D. Van Arman, Jr., Barnes, Richardson & Colburn, of New York, New York, argued for plaintiff-appellant. With him on the brief was James S. O'Kelly. Of counsel was Helena D. Sullivan.

Jack S. Rockafellow, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of New York, New York, argued for defendant-cross appellant. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, of Washington, DC, and Barbara S. Williams, Attorney in Charge, International Trade Field Office, United States Department of Justice, of New York, New York . Of counsel on the brief was Sheryl S. French, Office of Assistant Chief Counsel, International Trade Litigation, United States Customs and Board Protection, of New York, New York.

Erik D. Smithweiss, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, New York, for amici curiae Roche Vitamins, Inc. et al. With him on the brief was Joseph M. Spraragen.

Appealed from: United States Court of International Trade

Judge Evan J. Wallach

# United States Court of Appeals for the Federal Circuit

05-1477, -1523

BASF CORPORATION,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Cross Appellant.

_____

DECIDED:  March 29, 2007

_____

Before NEWMAN, LOURIE, and RADER, <u>Circuit Judges</u>.

Opinion for the court filed by <u>Circuit Judge</u> NEWMAN.  Opinion concurring in part and dissenting in part filed by <u>Circuit Judge</u> LOURIE.

NEWMAN, <u>Circuit Judge</u>.

In this tariff classification case, both the importer BASF Corporation and the government appeal the decision of the United States Court of International Trade, holding that the imported product, brand name Lucarotin® 1%, which contains 1% beta-carotene and is used as a food colorant, is classified under subheading 3204.19.35 ("Beta-carotene and other carotene coloring matter") of the Harmonized Tariff Schedule of the United States

("HTSUS").[1] BASF argues that the product is entitled to duty-free treatment because beta-carotene is listed on the duty-free Pharmaceutical Appendix of the HTSUS. The Customs Service had initially classified and liquidated Lucarotin® 1% under subheading 2106.90.99 ("Food preparations not elsewhere specified or included: Other"), but at trial and on this appeal the government proposes that 3204.19.40 ("Other") or 3204.19.50 ("Other") is the correct classification.

## I

The methodology of tariff classification is established by the HTSUS, which consists of the General Notes, the General Rules of Interpretation (GRI), and the Additional United States Rules of Interpretation (U.S. GRI), including all section and chapter notes and article provisions and the Chemical Appendix. The rules are applied in numerical order. See North American Processing Co. v. United States, 236 F.3d 695, 698 (Fed. Cir. 2001); Baxter HealthCare Corp. of Puerto Rico v. United States, 182 F.3d 1333, 1337 (Fed. Cir. 1999).

---

[1] BASF Corp. v. United States, 391 F. Supp.2d 1246 (Ct. Int'l Trade June 13, 2005).

The HTSUS is a hierarchical classification system which requires application of the most specific descriptive category in determining the applicable duty.  See General Elec. Co.-Medical Systems Group v. United States, 247 F.3d 1231, 1235 (Fed. Cir. 2001) (the proper classification of merchandise according to the HTSUS requires looking to the most specific description and is preferred to headings of a more general description); Marubeni America Corp. v. United States, 35 F.3d 530, 536 (Fed. Cir. 1994) ("under the General Rules of Interpretation (GRI) when an article satisfies the requirement of two provisions, it will be classified under the heading giving a more specific description").  When the name of the product and its use are included in an eo nomine[2] description, that specific classification prevails over a more general classification of either name or use.

BASF states that the Court of International Trade erred in denying duty-free treatment, because beta-carotene is a provitamin and is listed on the Pharmaceutical Appendix.  BASF argues that the purpose of the international agreement concerning duty-free movement of pharmaceuticals is to facilitate and encourage trade in such products, and therefore that they should be interpreted to include items such as Lucarotin® 1%.  BASF points out that beta-carotene is the only active component of Lucarotin® 1% and argues that it is irrelevant, for tariff purposes, whether the beta-carotene is intended for pharmaceutical use or for some other purpose, stressing the listing of beta-carotene in the Pharmaceutical Appendix.  BASF states that the court improperly incorporated an actual use requirement into the Pharmaceutical Appendix.

---

2       An eo nomine classification describes a product by a specific name.  See Nidec Corp. v. United States, 68 F.3d 1333, 1336 (Fed. Cir. 1995).

It is not disputed that the only active ingredient of Lucarotin® 1% is its content of beta-carotene. Nor is it disputed that this product is not intended for vitamin or other pharmaceutical use, but is intended for use as a food colorant. The beta-carotene provides a strong red-orange color, and the other ingredients are diluents, stabilizers, and dispersants. BASF's Technical Bulletin describes Lucarotin® 1% as a food colorant containing "stabilized beta-carotene dispersed in soybean oil and embedded as minute droplets in a polysaccharide sugar matrix." The Court of International Trade applied the International Trade Commission's definition of a pharmaceutical product as "used in the prevention, diagnosis, alleviation, treatment, or cure of disease in humans or animals," Advice Concerning the Addition of Certain Pharmaceutical Products and Chemical Intermediates to the Pharmaceutical Appendix to the Harmonized Tariff Schedule of the United States, USITC Pub. 3167, at 3 (April 1999), and found, without dispute, that "[c]ustomers do not buy Lucarotin® 1% for any purpose other than delivery of a beta-carotene colorant." Thus the court held that Lucarotin® 1% is not eligible for duty-free importation despite the listing of beta-carotene on the Pharmaceutical Appendix.

When a product is specifically described or named (eo nomine) in the HTSUS, the specific classification prevails over any more general listing that also includes the imported product, as set forth in Rule 3 of the General Rules of Interpretation:

> GRI 3(a). The heading which provides the most specific description shall be preferred to headings providing a more general description. However, when two or more headings each refer to part of the materials or substances contained in mixed or composite goods or to part only of the items in a set put up for retail sale, those headings are to be regarded as equally specific in relation to those goods, even if one of them gives a more complete or precise description of the goods.
> (b) Mixtures, composite goods consisting of different materials or made up of different components, and goods put up in sets for retail sale,

which cannot be classified by reference to 3(a), shall be classified as if they consisted of <u>the material or the component which gives them their essential character</u>, insofar as this criterion is applicable.  [Emphases added.]

The Court of International Trade found that "[b]eta-carotene imparts the essential character to Lucarotin® 1%," and placed Lucarotin® 1% within subheading 3204.19.35 for "Beta-carotene and other carotenoid coloring matter," citing Explanatory Note (I)(A) to Subheading 32.04, allowing for diluents.  We agree that for the Lucarotin® 1% formulation of beta-carotene as a food colorant, the <u>eo nomine</u> and specificity rules establish the tariff classification.  The "most specific description" criterion of GRI 3(a) and/or the "essential character" criterion of GRI 3(b) so require, whether one views the Lucarotin® product as a mixture, emulsion, formulation, composition, or preparation.  The decision of the Court of International Trade represents the clearest and most direct application of the HTSUS provision of a separate tariff category for beta-carotene coloring matter.  We affirm that this classification prevails over the listing of beta-carotene on the Pharmaceutical Appendix.[3] BASF's appeal is denied.

II

On cross-appeal the government states that the correct classification of Lucarotin® 1% is as a beta-carotene "preparation not otherwise specified" under heading 3204.19.40 or 3204.19.50.  The government argues that although the 1% of beta-carotene provides the

---

[3]     We note the concern of the <u>amici curiae</u> that if this formulation is denied access to the Pharmaceutical Appendix, other beta-carotene products may be wrongly classified.  That concern is unfounded, for Lucarotin® 1% is unambiguously not imported as a vitamin product.

coloring matter, the other 99% renders the beta-carotene soluble and dispersible in foods and beverages. Thus the government argues that Lucarotin® 1% is a "preparation" and should be so classified, whether or not there is a classification specific to use as a colorant.

The Court of International Trade determined that it need not decide whether Lucarotin® 1% is a "preparation," because the classification of beta-carotene coloring matter, subheading 3204.19.35, necessarily takes precedence under the General Rules of Interpretation. Subheading 3204.19.35 plainly is the more specific of the potential classifications. Lucarotin® 1% does not involve a chemical reaction or series of steps, as in Lynteq, Inc. v. United States, 976 F.2d 693 (Fed. Cir. 1992) (classifying Cromophyl-L as a preparation derived from marigold meal, but not as marigold meal itself). The beta-carotene is the active ingredient of the imported product, and the ingredient that imparts the color. Even if Lucarotin® 1% were viewed as a "preparation," when a product may be described by both its use and its name, the use is a "convenient rule of thumb" for weighing competing considerations. See Len-Ron Mfg. Co. v. United States, 334 F.3d 1304, 1313 (Fed. Cir. 2003) (the "rule of relative specificity" looks to "the provision with requirements that are more difficult to satisfy and that describe the article with the greatest degree of accuracy and certainty" (citations omitted)). Thus when there is a specific tariff classification naming the product and a specific use of a product that has other uses, that classification prevails over any more general designation such as a non-specific "preparation." See, e.g., Totes, Inc. v. United States, 69 F.3d 495, 500 (Fed. Cir. 1995) (classifying the imported goods under the more specific description and not the more general description, in accord with the greater specificity rule).

The Court of International Trade found, without error, that "[b]eta-carotene imparts the essential character to Lucarotin 1%" in its use as a food colorant, and correctly classified it under HTSUS 3204.19.35.  The government's appeal is denied.


AFFIRMED

# United States Court of Appeals for the Federal Circuit

05-1477, 05-1523

BASF CORPORATION,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Cross-Appellant.

LOURIE, Circuit Judge, concurring in part and dissenting in part.

I agree with the majority's conclusion that Lucarotin® 1% ("Lucarotin") was not entitled to duty-free treatment under the PA. Lucarotin is not simply beta-carotene; it is a 1% formulation of beta-carotene. As indicated by its title and the lack of more expansive terms or contrary statements in the heading, the PA is apparently intended to comprise substances that are to be used as pharmaceuticals and are substantially pure. A one percent dispersion of beta-carotene intended for use as a coloring matter does not meet those criteria, as 99% of the dispersion is not beta-carotene and the intended use of Lucarotin as coloring matter indicates that it is not intended to be used as a pharmaceutical.

However, I respectfully dissent from the majority's conclusion that Lucarotin is properly classified under 3204.19.35 and is not a "preparation."

The relevant portions of the HTSUS at issue are as follows:

| 3204 | Synthetic organic coloring matter, whether or not chemically defined; preparations as specified in note 3 to this chapter based on synthetic organic coloring matter; synthetic organic products of a kind used as fluorescent brightening agents or as luminophores, whether or not chemically defined: |
|---|---|
| [unnumbered] | Synthetic organic coloring matter and preparations based thereon as specified in note 3 to this chapter: |
| 3204.11 | Disperse dyes and preparations based thereon:<br>*    *    * |
| 3204.12 | Acid dyes, whether or not premetallized, and preparations based thereon; mordant dyes and preparations based thereon:<br>*    *    * |
| 3204.13 | Basic dyes and preparations based thereon:<br>*    *    * |
| 3204.14 | Direct dyes and preparations based thereon:<br>*    *    * |
| 3204.15 | Vat dyes (including those usable in that state as pigments) and preparations based thereon:<br>*    *    * |
| 3204.16 | Reactive dyes and preparations based thereon:<br>*    *    * |
| 3204.17 | Pigments and preparations based thereon:<br>*    *    * |
| 3204.19 | Other, including mixtures of coloring matter of two or more of the subheadings 3204.11 to 3204.19:<br>Solvent dyes and preparations based thereon:<br>*    *    *<br>Other:<br>*    *    * |
| 3204.19.35 | Beta-carotene and other carotenoid coloring matter<br>Other: |
| 3204.19.40 | Products described in additional U.S. note 3 to section VI |
| 3204.19.50 | Other |
| 3204.20 | Synthetic organic products of a kind used as fluorescent brightening agents:<br>*    *    * |
| 3204.90.00 | Other |

The trial court determined that it need not reach the question whether Lucarotin is a "preparation" because it found "Beta-carotene . . . coloring matter" in subheading 3204.19.35 to be sufficiently broad to encompass Lucarotin. However, the government

05-1477, 05-1523                              -2-

renewed its arguments here that Lucarotin is properly classifiable as a "preparation," asserting that the trial court failed to account for the structure of the headings under 3204 and failed to give appropriate weight to the significant differences in the content and properties of Lucarotin versus pure beta-carotene. More specifically, the government argues that the use of a semicolon between "Synthetic organic coloring matter" and "preparations . . . based on synthetic organic coloring matter" in heading 3204 indicates a clear distinction between those two categories. In addition, the government argues that while Lucarotin includes beta-carotene as a source of color, the other 99% of its content significantly alters its properties, including making it water-soluble, in order to make it suitable for use as a food and beverage colorant.

In response, BASF argues that Lucarotin is a mixture and a coloring matter rather than a preparation, so that the government's argument about the semicolon in heading 3204 is irrelevant. BASF also argues that Lucarotin is a mixture in which the beta-carotene is not altered by the formulation process (i.e., that it does not undergo a chemical change).

While the trial court did not decide the "preparation" issue, it was raised below, has been fully briefed, and involves interpretation of the tariff schedule, a matter of law. Thus, I would decide the matter here and conclude that Lucarotin is a "preparation."

We addressed the meaning of "preparation" in <u>Orlando Food Corp. v. United States</u>, 140 F.3d 1437 (Fed. Cir. 1998), and stated that "[i]nherent in the term 'preparation' is the notion that the object involved is destined for a specific use. The relevant definition from the Oxford English Dictionary defines a 'preparation' as 'a substance specifically prepared, or made up for its appropriate use or application, e.g.

as food or medicine, or in the arts or sciences.'" Id. at 1441 (citation omitted). Thus, under the definition provided in Orlando, Lucarotin clearly is a "preparation." The trial court found, and the parties do not dispute, that Lucarotin is synthetic beta-carotene that has been dissolved in soybean oil, mixed with a vitamin C derivative and vitamin E to prevent oxidation, then mixed with carbohydrate fillers to provide hardness and make it water soluble, and finally mixed with an anti-caking agent. Similarly, the trial court found, and the parties do not dispute, that Lucarotin is sold for use as a colorant in a wide variety of foods including beverages and baked goods. Lucarotin has thus been prepared in a very specific way for a particular use, and thus it is a "preparation."

The government argues that preparations of beta-carotene coloring matter are classifiable under 3204.19.40 because of the structure of the headings under 3204 described above and because our decision in Lynteq controls on the issue of how to classify preparations when not otherwise specifically recited. The government further argues that because each of the six-digit headings listed under 3204 before 3204.19 recites a particular type of coloring matter "and preparations based thereon," the lack of such specific language in subheadings 3204.19 and 3204.19.35 demonstrates that preparations of beta-carotene coloring matter were intended to be classified under the 3204.19.40 "Other" subheading.

I would conclude that the government is correct in urging that Lucarotin is properly classifiable under subheading 3204.19.40. Heading 3204 recites "preparations as specified in note 3 to this chapter based on synthetic organic coloring matter." Thus, "preparations" are clearly included under 3204.

05-1477, 05-1523 -4-

Next, the six-digit subheadings 3204.11 through 3204.17 all recite a type of coloring matter "and preparations based thereon."  Subheading 3204.19, on the other hand, does not specifically recite preparations, except for a subheading entitled "Solvent dyes and preparations based thereon," which is not relevant here.  Preparations of beta-carotene coloring matter, then, must be classified under the subsequent "Other" subheading of 3204.19, under either 3204.19.35, 3204.19.40, or 3204.19.50.  The Lucarotin preparation cannot be classified under 3204.19.35, because, as indicated above, it is not beta-carotene and other carotenoid coloring matter, but is a preparation thereof.  Subheading 3204.19.40, on the other hand, recites "[p]roducts described in additional U.S. note 3 to section VI."  Additional U.S. note 3 to section VI states that the term "products described in additional U.S. note 3 to section VI are any product [under the 3204 Synthetic organic coloring matter heading] not listed in the Chemical Appendix to the Tariff Schedule." (emphasis added), and it is uncontested that Lucarotin is not listed in the Chemical Appendix.  Therefore, because Lucarotin is a synthetic organic coloring matter not listed in the Chemical Appendix, it is properly classified under 3204.19.40 as "Other:  Products described in additional U.S. note 3 to section VI."  It should incidentally be noted that subheading 3204.19.40 lacks the special "K" designation, and thus, for that reason as well, Lucarotin is not eligible for duty-free treatment under the PA.

The majority relies on the rule of relative specificity.  However, I believe that reliance is misplaced.  Heading 3204 specifically distinguishes preparations of coloring matter from coloring matter alone.  Thus, General Rule of Interpretation 1, which requires "classification . . . be determined according to the terms of the headings," takes

precedence over General Rule of Interpretation 3, which includes the rule of relative specificity. Subheading 3204.19.35 only recites beta carotene and other carotenoid subject matter, which does not include Lucarotin, whereas 3204.19.40 covers preparations, which does cover Lucarotin. Therefore, I believe those headings require that a preparation of beta carotene coloring matter be classified under 3204.19.40.

Thus, I would reverse the Court of International Trade's decision classifying Lucarotin under heading 3204.19.35 of the HTSUS and classify it under heading 3204.19.40.