# United States Court of Appeals for the Federal Circuit

---

**KAHRS INTERNATIONAL, INC.,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-1034

---

Appeal from the United States Court of International Trade in case No. 07-CV-0343, Judge Gregory W. Carman.

---

Decided: April 3, 2013

---

CARL D. CAMMARATA, Law Offices of George R. Tuttle, of Madison, Wisconsin, argued for the plaintiff-appellant. With him on the brief were STEPHEN S. SPRAITZAR, MICHAEL J. TONSING and GEORGE R. TUTTLE.

MIKKI COTTET, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, and JEANNE E. DAVIDSON, Director; BARBARA S. WILLIAMS, Attorney in Charge, of

New York, New York.  Of counsel on the brief was YELENA
SLEPAK, Senior Trial Attorney, Office of the Assistant
Chief Counsel, International Trade Litigation, United
States Customs and Border Protection, of New York, New
York.   Of counsel was BEVERLY A. FARRELL, Trial Attor-
ney.

---

Before LOURIE and REYNA, *Circuit Judges*, and KRIEGER,
*Chief Judge.*[*]

REYNA, *Circuit Judge.*

Kahrs International Inc. ("Kahrs") appeals from a fi-
nal judgment of the United States Court of International
Trade upholding a tariff classification determination by
U.S. Customs and Border Protection ("Customs") that
Kahrs' imported engineered wood flooring ("EWF") is
properly classified as "plywood" under heading 4412 of the
Harmonized  Tariff  Schedule  of  the  United  States
("HTSUS").   Because Kahrs' flooring panels are properly
classified as "plywood" under heading 4412, we affirm.

## BACKGROUND

 Kahrs imports engineered wood flooring panels into
the United States for distribution to flooring wholesalers.
Kahrs' flooring panels are composed of multiple layers
(that is, "plies") of wood that are glued together and
laminated to resemble solid hardwood flooring.   The
panels have specially milled edges that allow them to be
joined together in their final installation over a structural
subfloor.

---

[*]   The Honorable Marcia S. Krieger, Chief Judge of
the United States District Court for the District of Colo-
rado, sitting by designation, assumed the position of Chief
Judge on January 1, 2013.

At issue in this appeal are two types of flooring panels imported by Kahrs: (1) panels that are 14 millimeters thick and composed of seven plies, and (2) panels that are 15 millimeters thick panels and have three plies. All of the imported flooring panels are composed of an odd number of plies, bonded together so that grains of adjacent layers are at right angles. The panels are laminated and are designed to simulate solid wood strip or plank flooring.

Kahrs classified its engineered wood flooring imports as "assembled parquet panels" under HTSUS subheading 4418.30.00, a duty-free provision for "Builders' joinery and carpentry of wood, including cellular wood panels and assembled parquet panels; shingles and shakes: parquet panels." HTSUS, subheading 4418.30.00 (2006). Kahrs identified the imported merchandise on its entry summaries as "PARQUET PANELS BUILDERS' JOINE[RY]." CF-7501, Entry Papers, USCIT Court File (Ct. No. 07-000343). Customs subsequently liquidated Kahrs' merchandise under HTSUS 4412, which covers "plywood, veneered panels and similar laminated wood," at a duty rate of 8% *ad valorem*. Customs explained that the merchandise was not parquet panels, but specifically engineered flooring of plywood construction with a non-coniferous face ply and no ply exceeding 6 millimeters in thickness.[1]

---

[1] The relevant provisions of the 2006 HTSUS read as follows:

**4412**     **Plywood**
         Plywood consisting solely of sheets of wood, each ply not exceeding 6 mm in thickness:
4412.14     Other, with at least one outer ply of nonconiferous wood:
             Not surface covered, or surface covered with a clear or transparent material which does not obscure the grain, texture or markings of the face ply:
**4412.14.31**       **Other ..........................................8% *ad valorem***

Kahrs protested Customs' classification, and Customs denied the protest. Kahrs subsequently filed a complaint before the Court of International Trade challenging the protest denial. The Court of International Trade found that Customs correctly classified Kahrs' merchandise as plywood under heading 4412. *Kahrs Int'l, Inc. v. United States*, 645 F. Supp. 2d 1251 (Ct. Int'l Trade 2009). In its analysis, the court considered the plain language of the HTSUS, a dictionary definition of "plywood," and the definition of plywood adopted by this court in *Boen Hardwood Flooring, Inc. v. United States*, 357 F.3d 1262 (Fed. Cir. 2004). *Kahrs*, 645 F. Supp. 2d at 1276–78. The Court of International Trade entered summary judgment affirming Customs' classification.

Kahrs appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(5).

STANDARD OF REVIEW

We review de novo a grant of summary judgment by the Court of International Trade. *Drygel, Inc. v. United States*, 541 F.3d 1129, 1133 (Fed. Cir. 2003).

Proper classification of goods under the HTSUS is a two-step process. First, we ascertain the meaning of the

---

|            | Other, with at least one outer ply of nonconiferous wood: | |
| --- | --- | --- |
| 4412.29 | Other: | |
|  | Plywood: Not surface covered, or surface covered with a clear or transparent material which does not obscure the grain, texture or markings of the face ply: | |
| **4412.29.36** | **Other** | **8% *ad valorem*** |
| **4412.29.56** | **Other** | **duty-free** |
| **4418** | **Builders' joinery and carpentry of wood, including cellular wood panels and assembled parquet panels; shingles and shakes:** | |
| **4418.30.00** | **Parquet Panels** | **duty-free** |
| 4418.90 | Other: | |
| **4418.90.20** | **Edge-glued lumber** | **duty-free** |
| **4418.90.45** | **Other** | **3.2% *ad valorem*** |

specific terms in the tariff provision. *Orlando Food Corp. v. United States*, 140 F.3d 1437, 1439 (Fed. Cir. 1998). This step is a question of law which we review without deference. *Id.* Second, we determine whether the goods come within the description of those terms. *Id.* This step is a factual inquiry which we review for clear error. *Id.*

While we accord deference to a classification ruling by Customs relative to its "power to persuade," *United States v. Mead Corp.*, 533 U.S. 218, 235 (2001), we have "an independent responsibility to decide the legal issue of the proper meaning and scope of HTSUS terms," *Warner-Lambert Co. v. United States*, 407 F.3d 1207, 1209 (Fed. Cir. 2005).

### DISCUSSION

On appeal, Kahrs argues that its engineered wood flooring panels are not classifiable as plywood under heading 4412. In support of its position, Kahrs makes two alternative arguments: First, Kahrs argues that Customs' classification of the EWF panels is inconsistent with the commercial meaning of "plywood." Instead, Kahrs asserts that its flooring panels should be classified under heading 4418 as "builders' joinery" or "assembled parquet panels." Second, Kahrs argues that, even if its flooring panels are *prima facie* classifiable under heading 4412, they are also properly classified under heading 4418. Kahrs argues that, because heading 4418 is more specific than heading 4412, its merchandise should be classified under heading 4418.

### HTSUS CLASSIFICATION

An HTSUS classification determination involves two steps. *Orlando Food*, 140 F.3d at 1439. First, we address the proper meaning of the relevant tariff provisions. *Id.* Second, we determine whether the merchandise at issue falls within a particular tariff provision as construed. *Id.* When there is no factual dispute regarding the nature,

structure, and use of imported merchandise, the proper classification turns on the first step. *Faus Group, Inc. v. United States*, 581 F.3d 1369, 1372 (Fed. Cir. 2009).

To determine a product's proper tariff classification, we apply the General Rules of Interpretation (GRI), which are part of the HTSUS, in numerical order. *BASF Corp. v. United States*, 482 F.3d 1324, 1325–26 (Fed. Cir. 2007). According to GRI 1, the HTSUS headings and relative section or chapter notes govern the classification of a product. *Orlando Food*, 140 F.3d at 1440. Absent contrary legislative intent, we construe HTSUS terms according to their common and commercial meanings, which we presume to be the same. *Carl Zeiss, Inc. v. United States*, 195 F.3d 1375, 1379 (Fed. Cir. 1999). To discern the common meaning of a tariff term, we may consult dictionaries, scientific authorities, and other reliable information sources. *Mead Corp. v. United States*, 283 F.3d 1342, 1346 (Fed. Cir. 2002). After consulting the headings and relevant section or chapter notes, we may also consult the Explanatory Notes of the relevant chapters.[2] *Fuji Am. Corp. v. United States*, 519 F.3d 1355, 1357 (Fed. Cir. 2008). Although the Explanatory Notes are not legally binding or dispositive, we may consult them for guidance and they are generally indicative of the proper interpretation of the various HTSUS provisions. *JVC Co. of Am. v. United States*, 234 F.3d 1348, 1352 (Fed. Cir. 2000). *See also BenQ Am. Corp. v. United States*, 646 F.3d 1371, 1376 (Fed. Cir. 2011); *N. Am. Processing Co. v. United*

---

[2] The Explanatory Notes are a publication of the World Customs Organization (WCO). The Explanatory Notes give WCO's official interpretation of the Harmonized Commodity Description and Coding System (the "Harmonized System"). The Harmonized System is the global system of trade nomenclature on which the HTSUS is based.

*States*, 236 F.3d 695, 698 (Fed. Cir. 2001); *Carl Zeiss*, 195 F.3d at 1378 n.1.

Here, there is no factual dispute regarding the structure and use of Kahrs' engineered wood flooring panels. We therefore decide the proper classification of Kahrs' merchandise by determining the proper meaning and scope of the relevant provisions of the HTSUS. *See Carl Zeiss*, 195 F.3d at 1375.

HEADING 4412—PLYWOOD

Kahrs argues that its engineered wood flooring panels are not *prima facie* classifiable under heading 4412, which covers "Plywood, veneered panels, and similar laminated wood." HTSUS, heading 4412. Specifically, Kahrs argues that its flooring panels are not "plywood" according to the commercial meaning of the term.

We have previously considered the meaning of "plywood" in the context of the HTSUS. In *Russell Stadelman & Co. v. United States*, 242 F.3d 1044 (Fed. Cir. 2001), we said, "Plywood consists of a panel composed of layers of wood glued together, usually with the grains of adjoining layers at right angles to each other." 242 F.3d at 1046 n.2 (citing *The American Heritage Dictionary* 1352 (4th ed. 2000)). We confirmed this basic definition in *Timber Products Co. v. United States*, 515 F.3d 1213 (Fed. Cir. 2008), where we explained, "Plywood consists of three or more wooden sheets pressed together, with each sheet referred to as a 'ply.'" 515 F.3d at 1217. Both of these definitions are consistent with the dictionary definition on which the Court of International Trade relied in this case. *See Kahrs*, 645 F. Supp. 2d at 1277. That definition is found in Webster's International Dictionary, which defines plywood as "a structural material consisting of sheets of wood glued or cemented together with the grains of adjacent layers arranged at right angles or at a wide angle and being made up (1) wholly of uniformly thin veneer sheets [all-veneer plywood] or (2) of usually equal

numbers of veneer sheets on either side of a thicker central layer [lumber-core plywood]." *Id.* (citing *Webster's Third New Int'l Dictionary* 1746 (1986)).

Perhaps our most thorough review of the term "plywood," however, is our opinion in *Boen Hardwood Flooring, Inc. v. United States*, 357 F.3d 1262 (Fed. Cir. 2004). In *Boen*, we considered the proper definition of plywood in classifying laminated wood flooring that was substantially the same as Kahrs' EWF imports. 357 F.3d at 1263–64. Reviewing various trade and dictionary definitions of the term "plywood," we concluded that "[t]here are three common characteristics of 'plywood' found in the definitions provided above: (1) there must be at least three layers; (2) each layer must be arranged at a right angle to its adjacent layer; and (3) the layers must be bonded together." *Id.* at 1265. These characteristics are common to Kahrs' EWF. While *Boen* is not dispositive in this case, we are persuaded that our definition in *Boen* was correct.

Kahrs' argument that the commercial meaning of "plywood" does not include engineered wood flooring is unavailing. Heading 4412 is an *eo nomine* classification provision, not a use provision, as it describes the subject merchandise by name, not by use. *See Clarendon Mktg., Inc. v. United States*, 144 F.3d 1464, 1467 (Fed. Cir. 1998). Generally, we should not read a use limitation into an *eo nomine* provision unless the name itself inherently suggests a type of use. *Carl Zeiss*, 195 F.3d at 1379 (Fed. Cir. 1999). Further, an *eo nomine* provision includes all forms of the named article, including improved forms. *CamelBak Prods., LLC v. United States*, 649 F.3d 1361, 1364–65 (Fed. Cir. 2011).

While Kahrs' merchandise possesses some unique features related to its intended use as flooring, we disagree with Kahrs that these features are sufficiently significant to transform its identity. Kahrs' flooring meets all the requirements for "plywood" as we have defined that term,

and we see no reason to read additional limitations into the tariff schedule. As the Court of International Trade noted, Kahrs' flooring panels are composed of at least three layers of wood. *Kahrs*, 645 F. Supp. 2d at 1269–70. Each layer is arranged at right angles to adjacent layers, and the layers are bonded together. *Id.* Not only does Kahrs' flooring meet all the requirements for plywood, but it is essentially the same product that we classified in *Boen* as plywood under heading 4412.

The Explanatory Notes confirm that Kahrs' merchandise is properly classified as plywood under heading 4412. Although the Explanatory Notes are not legally dispositive, they provide useful guidance and are "generally indicative of the proper interpretation" of the HTSUS. *JVC*, 234 F.3d at 1352–53. As the Court of International Trade pointed out, the Explanatory Notes for heading 4412 provide in pertinent part,

> *The heading also covers plywood panels or veneered panels, used as flooring panels*, and sometimes referred to as "parquet flooring". These panels have a thin veneer of wood affixed to the surface, so as to simulate a flooring panel made up of parquet strips.

World Customs Organization, *Harmonized Commodity Description & Coding System Explanatory Notes*, Explanatory Note 44.12, 814–16 (3d ed. 2002) ("Explanatory Note(s)") (emphasis added). Accordingly, the Explanatory Notes confirm that Kahr's flooring is properly classified as plywood under heading 4412.

For the reasons above, we find that Kahrs' engineered wood flooring is *prima facie* classifiable as plywood under heading 4412 of HTSUS.

## BUILDERS' JOINERY, HTSUS 4418

Kahrs argues that even if, as we have determined, its merchandise is classifiable as plywood under heading

4412, it is also *prima facie* classifiable under heading 4418, which covers "Builders' joinery and carpentry of wood, including wood panels and assembled parquet panels . . . ." HTSUS, heading 4418. Specifically, Kahrs maintains that its flooring is properly classified under heading 4418 either as "assembled parquet panels" or as "builders' joinery." Kahrs argues that heading 4418 is more specific than heading 4412, and therefore that we should classify its flooring panels under heading 4418.

The Court of International Trade is correct that Kahrs' engineered wood flooring does not fall within the meaning of "assembled parquet panels" as that term is used in heading 4418. After reviewing several dictionary definitions of "parquet" and "parquetry," the Court of International Trade concluded that "the *sin[e] qua non* [without which not] of 'parquet' and 'parquetry' is that the inlaid wood strips of the parquetry themselves form a geometric pattern or mosaic." *Kahrs*, 645 F. Supp. 2d at 1278–79. We agree with this characterization. Kahrs' EWF is not composed of inlaid wood strips. We also agree with the Court of International Trade that "in their imported condition, Kahrs' . . . flooring products do not form a geometric or mosaic pattern." *Id.* at 1278. Rather, Kahrs' flooring panels are meant to simulate wood plank or strip flooring, neither of which exhibit the "geometric or mosaic pattern" characteristic of parquetry.

Alternatively, Kahrs argues that its engineered flooring is properly classified under heading 4418 as "builders' joinery." In support of its position, Kahrs cites our decision in *Faus*, where we decided that laminated fiberboard flooring panels were properly classified under heading 4418 as builders' joinery. *Faus*, 581 F.3d at 1375. In *Faus*, we assumed without deciding that the laminated fiberboard flooring at issue was *prima facie* classifiable under both heading 4411 as fiberboard and heading 4418 as builder's joinery. *Id.* at 1373. We concluded that, as between those two headings, Faus' flooring was more

appropriately classified under heading 4418 as builders' joinery because that heading provided the more specific description. *Id.* at 1374.

When goods are *prima facie* classifiable under two or more headings or subheadings of HTSUS, "[t]he heading which provides the most specific description shall be preferred to headings providing a more general description." HTSUS, GRI 3(a). Under this rule, "we look to the provision with requirements that are more difficult to satisfy and that describe the article with the greatest degree of accuracy and certainty." *Orlando Food*, 140 F.3d at 1441.

A product "described by both a use provision and an *eo nomine* provision is generally more specifically provided for under the use provision." *Sports Graphics, Inc. v. United States*, 24 F.3d 1390, 1394 (Fed. Cir. 1994). This rule, however, is not obligatory. *Carl Zeiss*, 195 F.3d at 1380. Rather, it is a "convenient rule of thumb for resolving issues where the competing provisions are in balance." *Id.* at 1380. If the competing provisions are not in balance, the rule does not apply. *Id.* at 1380–81.

Here, we need not decide whether Kahrs' engineered wood flooring is *prima facie* classifiable as "builders' joinery" under heading 4418 because, even if it is, we find that heading 4412 provides the more specific classification. Several factors persuade us that this result is correct.

First, our holding in *Faus* does not control here. *Faus* dealt with laminated fiberboard having a photographic overlay, not engineered wood flooring. *Faus*, 581 F.3d at 1370. Additionally, the photographic overlay added to Faus' fiberboard panels was not a conventional component of fiberboard. Rather, the photographic overlay was a notable addition to the fiberboard, added to simulate real wood. *Id.* Here, in contrast, Kahrs' engineered wood flooring is made entirely of plywood. *See Kahrs*, 645 F.

Supp. 2d at 1270. Even the finished top layer of Kahrs' flooring is a ply of wood, not an overlay of a different, additional material. *Id.* Nothing has been added to Kahrs' wood panels to change their fundamental nature.

Second, "builders' joinery" encompasses a much wider range of products than does "plywood." Although builders' joinery is defined by its intended use, it is a sweeping classification that includes products of many types. In *Faus*, for example, we noted that builders' joinery broadly includes "products used as non-structural elements in the construction of buildings." *Faus*, 581 F.3d at 1374. While this definition speaks to use, we can hardly see how this use is particularly described and meaningfully limited. "Plywood," on the other hand, implies very specific structure: at least three plies of wood, with each ply arranged at right angles to adjacent plies, and with the plies bonded together. *See Boen*, 357 F.3d at 1365. While the uses of plywood may vary, its structure may not. We find the requirements for plywood more difficult to satisfy than those for builders' joinery.

Third, the Explanatory Note for heading 4412 specifies that heading 4412 includes "plywood panels or veneered panels, used as flooring panels, and sometimes referred to as 'parquet flooring.'" Explanatory Note 44.12, at 814–16. Moreover, the Explanatory Note for heading 4418 states explicitly that heading 4418 *excludes* "plywood panels or veneered panels, used as flooring panels, which have thin veneer of wood affixed to the surface." Explanatory Note 44.12, at 821. The Note further provides that such merchandise is properly classified under heading 4412. *Id.* Here, in contrast to *Faus*, we have a persuasive secondary authority that clearly indicates an appropriate classification.

Finally, Customs has ruled on this issue. Customs took the following position in a 2001 ruling explaining the proper classification of engineered wood flooring:

> [W]e conclude that flooring panels consisting of one or more strips of veneer on the surface are classifiable in heading 4412, HTSUS. These veneered flooring panels are distinct from parquet panels of heading 4418, HTSUS, which consist of individual parquet strips (lumber strips) joined together at the edges or ends to form the panel.

Customs Ruling HQ 964565, 2001 WL 718602 (May 14, 2001). Customs' ruling, which was published as required by statute, *see* 19 U.S.C § 1625(c), is entitled to *Skidmore* deference. *Warner-Lambert Co. v. United States*, 425 F.3d 1381, 1384 (Fed. Cir. 2005); *see also Skidmore v. Swift & Co.,* 323 U.S. 134, 140 (1944). We are persuaded that Customs' ruling is correct.

For the reasons above, we find that heading 4412 provides a more specific description of Kahrs' imported merchandise than does heading 4418. Accordingly, we find that Kahrs' merchandise is not properly classified under heading 4418.

## CONCLUSION

Because Kahrs' engineered wood flooring is *prima facie* classifiable as plywood under heading 4412, and because heading 4412 provides a more specific description of Kahrs' merchandise than does heading 4418, we hold that the Court of International Trade correctly classified Kahrs' merchandise as plywood under heading 4412 of the HTSUS. The decision of the Court of International Trade is

**AFFIRMED**