REYNA, Circuit Judge,
dissenting.
The majority reaches its decision by rewriting the fundamental principles of a long established doctrine of statutory construction and by invoking an approach for classification of articles that this court soundly overruled. The majority’s analysis invokes a “sounds right to me” approach that is decidedly at odds with established rules of tariff classification interpretation established by law and followed by this court. For this and other reasons set forth below, I respectfully dissent.
I
When Congress adopted the Harmonized Tariff Schedule of the United States (“HTSUS”) in 1988, it explicitly provided that HTSUS provisions “shall be considered to be statutory provisions of law for all purposes.” The Omnibus Trade and *1111 Competitiveness Act of 1988, Pub.L. No. 100-418, § 1204(c), 102 Stat. 1107, 1149. Included within the HTSUS is a “statutorily-prescribed, comprehensive, and systematic method of classification” known as the General Rules of Interpretation (“GRI”). JVC Co. of Am. v. United States, 234 F.3d 1348, 1354 (Fed.Cir.2000); see also Pub.L. No. 100-418, § 1204(a). Under GRI 1, classification decisions must be made “according to the terms of the headings and any relative section or chapter notes[.]” GRI 1. Thus, in tariff classification cases, we are required by statute to begin with the heading that most closely resembles the imported product and construe the terms in that heading “according to their common and commercial meanings.” Kafirs Int’l, Inc. v. United States, 713 F.3d 640, 644 (Fed.Cir.2013).
The majority deviates from this statutorily-mandated method of classification by rewriting the canon of statutory construction known as ejusdem generis, which limits the scope of general terms or phrases to items that are similar to those specifically enumerated in the statute. Christopher v. SmithKline Beecham Corp., — U.S.-, 132 S.Ct. 2156, 2171 n. 19, 183 L.Ed.2d 153 (2012). Although the majority does not reverse the trial court’s decision, it essentially sidesteps the trial court’s extensive factual findings and rejects its analysis in favor of an unduly narrow construction of the ejusdem gener-is principle. The majority improperly focuses on an article’s “paramount” function instead of its essential characteristics and, in doing so, violates the precept that ejus-dem generis should not be invoked to “narrow, limit or circumscribe an enactment.” Sandoz Chem. Works, Inc. v. United States, 50 C.C.P.A. 31, 35 (1963).
The principle of ejusdem generis provides that general terms and phrases should be limited to matters “similar in type to those specifically enumerated.” Fed. Maritime Comm’n v. Seatrain Lines, Inc., 411 U.S. 726, 734, 93 S.Ct. 1773, 36 L.Ed.2d 620 (1973) (citations omitted); see also Paroline v. United States, — U.S. -, 134 S.Ct. 1710, 1721, 188 L.Ed.2d 714 (2014). In the tariff classification context, an imported article falls within the scope of a general term or phrase if it possesses the same essential characteristics that unite the listed exemplars. See, e.g., Deckers Corp. v. United States, 532 F.3d 1312, 1316 (Fed.Cir.2008). The Bureau of Customs and Border Protection (“Customs”) has consistently classified imported articles ejusdem generis if the articles are “designed,” “intended,” or “principally used” in the same manner or fashion as the listed exemplars.[1]
The majority agrees with the trial court that the essential function unifying the exemplars listed in heading 6212 is to provide support to either the body or to some other garment. Maj. Op. at 1108. The majority also does not take issue with the trial court’s extensive factual findings showing that an essential feature of both the Bra Top and the Bodyshaper is to provide support. See, e.g., Victoria’s Secret Direct, LLC v. United States, 908 F.Supp.2d 1332, 1340-45 (Ct. Int’l Trade 2013); Lerner New York, Inc. v. United States, 908 F.Supp.2d 1313, 1320-24 (Ct. Int’l Trade 2013). The court summarized its findings with a principal finding of fact that both garments are “designed to provide support to the bust of the wearer” *1112 and that both garments do, in fact, provide “a certain degree of such support.” Victoria’s Secret, 908 F.Supp.2d at 1345; Lerner, 908 F.Supp.2d at 1324. The Government concedes on appeal that an essential purpose of the garments is to provide support. Victoria’s Secret Appellee Br. 12; Lerner Appellee Br. 11. ’ Under ejusdem generis, these garments are therefore classifiable as “similar articles” under heading 6212 because they share the essential characteristics of the listed exemplars. Here, the inquiry should end.
The majority nevertheless fails to classify these garments under heading 6212 because it finds that support is, at best, coequal to the garments’ coverage function. Maj. Op. at 1108. The majority misconstrues our precedent, which holds that additional but not inconsistent characteristics do not prevent the ejusdem gener-is classification of an article. As we noted in Avenues in Leather, Inc. v. United States, once an article is found to share the essential characteristics of the listed.exemplars, “only an' inconsistent specific primary purpose will prevent classification under that heading.” 178 F.3d 1241, 1245 (Fed.Cir.1999). The presence of dual functions does not by itself prevent an imported article from being classified ejusdem generis, a principle recognized by Customs in its decisions. See Classification of Kidney or Back Belt, HQ 952827 (Cust. & Border Prot. Dec. 16, 1992) (classifying a kidney and back belt under heading 6212 despite having the dual function of providing warmth and support). Hence, if support is in fact an essential characteristic of the Bra Top and Bodyshaper, the presence of an additional coverage or warmth function should not defeat their classification as “similar articles.”
By allowing additional but not inconsistent features to trump similarity, the majority implicitly revives a tariff classification doctrine long found to be inapplicable to the HTSUS. Under the so-called “more than” doctrine, which arose under the old Tariff' Schedule of the United States, an imported article that shares features of a listed exemplar is not classifiable under that heading if the article contains additional “nonsubordinate or coequal” functions or characteristics. See, e.g., Digital Equip. Corp. v. United States, 889 F.2d 267, 268 (Fed.Cir.1989); Avenues in Leather, 178 F.3d at 1245-46. We held in JVC Co. of America v. United States that the “more than” doctrine was supplanted by the General Rules of Interpretation and thus does not apply to cases arising under the HTSUS. 234 F.3d at 1354.
The majority nevertheless revives the “more than” doctrine by holding that the presence of additional features may negate similarity:
The court’s observation that the “analysis must consider the imported merchandise as a whole” reinforces the point: even if the merchandise at issue contains certain features shared by those listed in a heading, the presence of other features in the merchandise “as a whole” may negate similarity.
Maj. Op. at 1108 (quoting Avenues in Leather, 178 F.3d at 1246). The majority further engages in a classic application of the “more than” doctrine by concluding that the Bra Top and Bodyshaper “have too much of the nonsupport function to share ‘the essential characteristic’ of the items listed in heading 6212.” Maj. Op. at 1109. We held in JVC Co. of America that such an analysis is not proper under the HTSUS and explicitly overruled the portion of Avenues in Leather cited by the majority. 234 F.3d at 1353-54. The majority’s decision thus contradicts our precedent allowing merchandise to be classifiable as a particular article even if it *1113 possesses additional features or functions.[2] Under the proper standard, the additional coverage function of the Bra Top and Bo-dyshaper cannot by itself defeat the garments’ classification as “similar articles” under heading 6212.
II
The majority attempts to sidestep this precedent by reading an implicit limitation into the characteristics of the exemplars listed in heading 6212:
[The listed exemplars] provide body or other garment support and do so as their paramount function; in particular, the primacy of that function is not overridden by an additional outerwear coverage function so significant as to dominate or even to be of roughly the same importance as the support function.
Maj. Op. at 1108. But by focusing its analysis on “paramount functions” instead of “essential characteristics,” the majority is in effect rewriting the' ejusdem generis principle. Our precedent requires an ejus-dem generis analysis to compare the essential characteristics of listed exemplars with those of the imported article. The term “essential” is defined in Webster’s Third New International Dictionary as “constituting an indispensable structure, core, or condition of a thing,” and “may suggest that the matter in question involves the very essence, or being or real nature, of whatever is concerned.” Webster’s Third New Int’l Dictionary 777 (Unabridged ed.2002). This definition does not preclude an article from having more than one “essential” characteristic. The term “paramount,” on the other hand, is defined as “having a higher or the highest rank or authority and “superior to all others.” Id. at 1638. By definition, only one feature or function of an article can be “paramount.” Hence, the majority improperly narrows the ejusdem. generis analysis by focusing on the “paramount function” of the listed exemplars instead of their essential characteristics.
The majority’s assumption that the unifying characteristics of the listed exemplars inherently limit the presence of other features is also at odds with the exemplars themselves. Many of the listed exemplars, including brassieres, girdles, corsets, and garters, provide some level of coverage and warmth to the wearer. Changes in fashion also allow for some of these articles to be worn as outerwear. As Customs has recognized, “a garment which is otherwise designed and intended to provide support in the manner of a bra will not be precluded from classification as such merely because it will be seen when worn.” Classification of T-Back Sports Bras, HQ 951264 (Cust. & Border Prot. July 1, 1992) (emphasis added). Customs has noted that “it is now acceptable to let brassieres that have been embellished in some manner show under outerwear or even be worn by themselves.” Classification of Decorated Brassiere, HQ 954488 (Cust. & Border Prot. Oct. 6, 1993). Hence, the majority errs when it concludes that the coverage function of the Bra Top and Bodyshaper is inconsistent with the essential support characteristic of the listed exemplars. Maj. Op. at 1109-10.
The majority’s reliance on anecdotal examples related to evening gowns and jeans is not helpful and does not support its finding of an inherent limitation in heading 6212. Maj. Op. at 1108. The traditional ejusdem generis analysis would not require classification of evening gowns and jeans under this heading just because *1114 these garments happen to provide some support to the wearer. To be classifiable under this heading, the trial court would first need to make a factual finding that support is an essential characteristic — ie., a core and indispensable element — of the article and that the article does not have a more specific primary purpose that is inconsistent with those characteristics. Without such factual findings, the majority’s hypothetical^ are neither relevant nor illuminating.
In contrast to the majority’s abstract examples, the trial court made extensive factual findings showing that an essential feature of the Bra Top and Bodyshaper is to provide support. See, e.g., Victoria’s Secret, 908 F.Supp.2d at 1340-45; Lerner, 908 F.Supp.2d at 1320-24. The court summarized its findings with a principal finding of fact that both garments are “designed to provide support to the bust of the wearer” and that both garments do, in fact, provide certain degree of such support.” Victoria’s Secret, 908 F.Supp.2d at 1345; Lerner, 908 F.Supp.2d at 1324. The majority does not find clear error in these findings and thus presumably admits that support is an essential feature of these garments. Once such a finding is made, only an inconsistent specific primary purpose will remove the article from the general term. The majority fails to point to an inconsistent specific primary purpose of the garments, and the presence of a coequal coverage function consistent with the garments’ support function does not defeat classification under heading 6212. The majority, in its failure to classify the Bra Top and Bodyshaper as “similar articles” under heading 6212, departs from the traditional ejusdem generis analysis and, in essence, rejects its application as an interpretive principle in classification cases.
Ill
In sum, the majority misconstrues the requirements of an ejusdem generis analysis, unduly limits the scope of general terms and phrases, and contradicts precedent by reviving a once-defunct doctrine of classification law. The majority’s revision of the ejusdem generis requirements is more than a small change. Similar to changing the course of a nautical heading by a few. degrees, a revision of tariff classification rules will oft lead to unintended destinations. Here, the majority’s rewriting of the ejusdem generis principle will create unnecessary confusion in future classification cases and a high degree of unpredictability in the marketplace. For these reasons, I dissent.

. See, e.g., Classification of a Support Garment from China or Australia, N253321 (Cust. & Border Prot. May 30, 2014); Classification of a Silk Capelet from China, HQ 967889 (Cust. & Border Prot. Feb. 1, 2006); Classification of Kidney or Back Belt, HQ 952827 (Cust. & Border Prot. Dec. 16, 1992).

. Indeed, this is precisely the purpose of the "other” and the "all other” classification headings, to capture articles similar but neither identical to nor the same as the articles expressly identified by the heading or subheading.