# United States Court of Appeals for the Federal Circuit

---

**KALLE USA, INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-1378

---

Appeal from the United States Court of International Trade in No. 1:13-cv-00003-GSK, Judge Gary S. Katzmann.

---

Decided: May 2, 2019

---

FREDERIC VAN ARNAM, JR., Barnes, Richardson & Colburn, LLP, New York, NY, argued for plaintiff-appellant.

HARDEEP KAUR JOSAN, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, New York, NY, argued for defendant-appellee. Also represented by AMY RUBIN; JEANNE DAVIDSON, JOSEPH H. HUNT, Washington, DC; PAULA S. SMITH, Office of the Assistant Chief Counsel, United States Bureau of Customs and Border Protection, United States Department of Homeland Security, New York, NY.

―――――――――――

Before DYK, CHEN, and HUGHES, *Circuit Judges.*

Opinion for the court filed PER CURIAM.

Concurring opinion filed by *Circuit Judge* HUGHES.

PER CURIAM.

This is a tariff classification case involving imported sausage casings. Kalle USA, Inc. appeals the Court of International Trade's summary judgment decision classifying the casings as made-up textiles under subheading 6307.90.98 of the Harmonized Tariff Schedule of the United States. *Kalle USA, Inc. v. United States*, 273 F. Supp. 3d 1319, 1333 (Ct. Int'l Trade Nov. 2, 2017). Kalle argues that the Trade Court erroneously interpreted the phrase "completely embedded in plastics" as it is used in HTSUS Chapter 59 Note 2(a)(3), and that the casings should be classified as plastics under HTSUS Chapter 39. Because we agree with the result reached by the Trade Court, we affirm.

I

A.

Kalle imports its NaloProtex G1 and NaloProtex G2 casings[1] into the United States from Germany. The casings, which are used to encase processed food products, such as sausage, ham, or cheese, are comprised of a woven textile sheet that is coated with a layer of plastic on one side. "The plastic coating is chosen to be appropriately thin" and "only fills the interstitial spaces between the textile fibers" to ensure that the casing's "textile character remains recognizable even after a coating." J.A. 81. The

―――――――――――

[1]    The differences between the two types of casings are immaterial for purposes of this appeal.

textile material gives the casing its strength and shape and allows the casing to "absorb dyes and aroma substances and transfer these substances into the encased product." *Id.* The plastic coating helps "prevent moisture transmission into or out of the casings." *Id.* After the textile sheet is coated in plastic, the sheet is trimmed, folded to form a tube, and "fixed with a seam by gluing." *Id.* The casings are imported as flattened tubes wound around a cardboard core.

## B.

Kalle imported nine entries of the NaloProtex casings between July and August of 2010. The casings were liquidated by United States Customs and Border Protection in June 2011 under HTSUS subheading 6307.90.98 (2010),[2] which covers "[o]ther made up articles, including dress patterns: . . . [o]ther . . . [o]ther" and is subject to a duty of 7%. Kalle filed a protest to Customs' determination in September 2011, arguing that the casings should be classified under HTSUS subheading 3917.39.0050, which covers "[t]ubes, pipes and hoses and fittings therefor (for example, joints, elbows, flanges), of plastics: . . . [o]ther . . . [o]ther" and is subject to a duty of 3.1%. Kalle emphasized that the "tubes, pipes, and hoses" of heading 3917 "include[] sausage casings and other lay-flat tubing." *See* HTSUS Chapter 39 Note 8. Customs denied Kalle's protest.

Kalle then filed a complaint with the Trade Court in January 2013. The Trade Court granted summary judgment in favor of the government after determining that "the casings are made up articles of textile fabric, [so] they are properly classified under heading 6307." *Kalle*, 273 F. Supp. 3d at 1336. The court noted that heading 6307 is within HTSUS Section XI and that Chapter 39 expressly

---

[2] All references to section notes, chapter notes, headings, or subheadings contained herein are to 2010 HTSUS.

excludes goods of Section XI from its scope. *See* HTSUS Chapter 39 Note 2(p) (noting that "[t]his chapter does not cover . . . [g]oods of section XI (textiles and textile articles)"). Therefore, the court concluded that the casings "cannot be classified under heading 3917" as Kalle argued. *Kalle*, 273 F. Supp. 3d at 1336.

The Trade Court rejected Kalle's argument that the casings are "completely embedded in plastics" and are thus excluded from Section XI pursuant to HTSUS Chapter 59 Note 2(a)(3). Citing dictionary definitions of the words "completely" and "embedded," the court determined that "for a textile to be completely embedded in plastic, it must be entirely firmly fixed in the plastic." *Id.* at 1333. Because the "casings are only coated on one side and . . . the coating material only fills the interstitial spaces between the textile fibers," the Trade Court found that the casing's "textile is not embedded in the plastic for purposes of [Chapter 59 Note] 2(a)(3)." *Id.*

Kalle now appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(5).

## II

### A.

The parties agree that this case turns on the interpretation of the phrase "completely embedded in plastics" as it is used in HTSUS Chapter 59 Note 2(a)(3). An overview of the relevant tariff provisions illustrates why that issue is determinative.

The HTSUS is organized by headings, which cover "general categories of merchandise," and each heading contains one or more subheadings, which "provide a more particularized segregation of the goods within each category." *Orlando Food Corp. v. United States*, 140 F.3d 1437, 1439 (Fed. Cir. 1998). "[T]ariff classification of merchandise under the HTSUS is governed by the principles set forth in the General Rules of Interpretation ('GRIs')." *Deckers*

*Outdoor Corp. v. United States*, 714 F.3d 1363, 1366 (Fed. Cir. 2013). The GRIs are applied in numerical order. *Id.* Under GRI 1, "the HTSUS headings, as well as relative section or chapter notes, govern the classification of a product." *Orlando Food Corp.*, 140 F.3d at 1440. Section and chapter notes "are not optional interpretive rules, but are statutory law, codified at 19 U.S.C. § 1202." *Park B. Smith, Ltd. v. United States*, 347 F.3d 922, 926 (Fed. Cir. 2003).

The government argues that under GRI 1, the casings are classifiable as made-up textiles under Chapter 63 of the HTSUS, subheading 6307.90.98. For an article to fall under Chapter 63, it must be an article "of any textile fabric." HTSUS Chapter 63 Note 1. Kalle argues that the casings are not articles "of any textile fabric" and are instead plastic articles classifiable under Chapter 39, subheading 3917.39.0050.

Because of two mutually exclusive exclusionary notes, an article cannot be classifiable under both Chapter 63 and Chapter 39. First, Note 1(h) of Section XI states that Section XI, which includes Chapter 63, "does not cover: . . . [w]oven, knitted, or crocheted fabrics, felt or nonwovens, impregnated, coated, covered or laminated with plastics, or articles thereof, of chapter 39." Second, Note 2(p) of Chapter 39 excludes "[g]oods of section XI (textiles and textile articles)" from the scope of Chapter 39. Thus, if the casings are textile articles of Section XI, then they are not classifiable under Chapter 39; and if the casings are plastic articles of Chapter 39, then they are not classifiable under Section XI.

Here, the casings are comprised of both textile and plastic materials. Where an article is comprised of both textile and plastic, we must look to Chapter 59 to determine whether the article should be classified as a textile under Section XI or a plastic under Chapter 39. Chapter 59 falls within Section XI, and it covers "impregnated, coated, covered or laminated textile fabrics." Heading 5903

of Chapter 59 specifically applies to "[t]extile fabrics, impregnated, coated, covered or laminated *with plastics*." (emphasis added). But, heading 5903 does not cover "[p]roducts in which the textile fabric is either *completely embedded in plastics* or entirely coated or covered on both sides with such material." HTSUS Chapter 59 Note 2(a)(3) (emphasis added). Instead, those products fall under Chapter 39. *Id.*

Therefore, the controlling question here is whether the casings' textile fabric is "completely embedded in plastics." *Id.* If the casings are "completely embedded," the government agrees that they should be classified under Kalle's proposed subheading, 3917.39.0050. If the casings are not "completely embedded," Kalle does not dispute that they should be classified under subheading 6307.90.98.

B.

Classification of goods under the HTSUS is a two-step process that involves: (1) determining the proper meaning of terms in the tariff provisions; and (2) determining whether the goods fall within those terms. *Sigma-Tau HealthScience, Inc. v. United States*, 838 F.3d 1272, 1276 (Fed. Cir. 2016). We review interpretation of terms in the HTSUS de novo, and we review the factual findings of the Trade Court for clear error. *Id.* Typically, "whether the goods come within the description of [the] terms" in the HTSUS is a factual question. *Kahrs Int'l, Inc. v. United States*, 713 F.3d 640, 644 (Fed. Cir. 2013). However, "when the nature of the merchandise is undisputed, . . . the classification issue collapses entirely into a question of law." *Cummins Inc. v. United States*, 454 F.3d 1361, 1363 (Fed. Cir. 2006).

Although decisions by Customs interpreting provisions of the HTSUS may receive some deference under the principles of *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944), Customs' decisions are not controlling upon this court, and "this court has an independent responsibility to decide the

legal issue of the proper meaning and scope of HTSUS terms." *MetChem, Inc. v. United States*, 513 F.3d 1342, 1345 (Fed. Cir. 2008) (quoting *Warner-Lambert Co. v. United States*, 407 F.3d 1207, 1209 (Fed. Cir. 2005)); *see also Rubie's Costume Co. v. United States*, 337 F.3d 1350, 1355–56 (Fed. Cir. 2003).

"Absent contrary legislative intent, HTSUS terms are to be construed according to their common and commercial meanings." *La Crosse Tech., Ltd. v. United States*, 723 F.3d 1353, 1358 (Fed. Cir. 2013) (quoting *Carl Zeiss, Inc. v. United States*, 195 F.3d 1375, 1379 (Fed. Cir. 1999)). When determining common and commercial meaning, "the court may rely upon its own understanding of the terms used [or] consult lexicographic and scientific authorities, dictionaries, and other reliable information." *Baxter Healthcare Corp. v. United States*, 182 F.3d 1333, 1337–38 (Fed. Cir. 1999).

## C.

It is undisputed that "completely embedded" is not defined by statute or legislative history, so its common and commercial meaning should be applied. The parties generally agree on the common definitions of the words "completely" and "embedded." The common definition of "embedded" is "set or fix[ed] firmly in a surrounding mass." *See Embedded*, Webster's New World Dictionary, 442–43 (3d coll. ed. 1988); *see also Embedded*, New Oxford American Dictionary, 565 (3d ed. 2010) (defining "embedded" as "to fix (an object) firmly and deeply in a surrounding mass"). The common definition of "completely" is "full[y], whole[ly], entire[ly]." *See Completely*, Webster's New World Dictionary, 285 (3d coll. ed. 1988).

Given these definitions, we agree with the Trade Court that "for a textile to be completely embedded in plastic, it must be entirely firmly fixed in the plastic." *Kalle*, 273 F. Supp. 3d at 1333. The primary dispute between the parties is whether "completely embedded" requires the textile to be

surrounded by plastic on all sides. Kalle argues that it does not. According to Kalle, its casings are "completely embedded" because the fabric is fixed to the plastic coating on three sides and does not delaminate from it. We agree with Kalle that "completely embedded" does not require all sides of the fabric to be covered with plastic. But the fact that the fabric is securely attached to the plastic does not mean that it satisfies the requirement that it is "firmly fixed" or "embedded." As the dictionary definitions above make clear, for a textile to be "embedded," it must be "fix[ed] firmly *in a surrounding mass*" of plastic. Webster's, *supra*, at 442–43; *see also* New Oxford, *supra*, at 565. Kalle's casings do not fix the fabric in a surrounding mass of plastic. Rather, the casings have a plastic coating on one side.

Accordingly, we hold that to be "completely embedded," the fabric must be "completely" or entirely fixed in a surrounding mass of plastic. We disagree with the government that this requires every surface of the fiber to be fixed and surrounded by a mass of plastic. However, because Kalle's casings are not fixed in a surrounding mass of plastic, they are not "completely embedded in plastics."

Our interpretation of "completely embedded" is consistent with the context in which it is used. *See Rubie's Costume Co.*, 337 F.3d at 1357 (declining to interpret terms in an HTSUS exclusionary note "in disregard of the context of the exclusion as a whole"). The purpose of Note 2(a)(3) is to exclude certain articles from the scope of heading 5903, including articles where the fabric is "completely embedded in plastics." Heading 5903 of the HTSUS *prima facie* covers "[t]extile fabrics, impregnated, coated, covered or laminated with plastics." An "impregnated" fabric is one in which "the [plastic] applied penetrates into the fabric and even into the yarn and fibres of which it is composed." *See, Technical Report of the Chemists' Committee to the Customs Cooperation Council*, 11th Session (Nov. 1964), *quoted* in *"Possible Amendment of Note 2(a) to Chapter 59 and the Explanatory Notes to Heading 59.03 (Requested by*

*the EU),*" Harmonized System Review Sub-Committee, World Customs Organization, Doc. No. NR1019Ela (Oct. 20, 2014) at p. 4, Annex II 2 [hereinafter *Technical Report*]. Because "impregnated" fabrics plainly fall within the scope of heading 5903, but "completely embedded" fabrics are excluded, there must be a distinction between a fabric that is "impregnated" with plastic and a fabric that is "completely embedded in plastics."

Our interpretation provides such a distinction because we find that "completely embedded" requires the fabric to be fixed in a surrounding mass of plastic, while "impregnated" does not. Kalle's position, however, lacks this distinction and would read many "impregnated" fabrics to be "completely embedded in plastics" and excluded from heading 5903.

Our interpretation also does not render any of the language of Note 2(a)(3) superfluous. Note 2(a)(3) excludes products with textile fabric that is "*either* completely embedded in plastics *or* entirely coated or covered on both sides with such material." (emphasis added). Our interpretation distinguishes between "completely embedded" and "entirely coated or covered on both sides."

Heading 5903 covers fabrics that are treated with plastic through a variety of processes. *See* HTSUS Heading 5903 (applying to textile fabrics that have been "impregnated, coated, covered or laminated" with plastic). Given this context, we read Note 2(a)(3) to exclude products that are treated with plastic via different processes—"embedd[ing]," "coat[ing]," or "cover[ing]." For example, a fabric may be "completely embedded" in plastic by applying plastic to one side of the fabric such that plastic fixes the fabric in a surrounding mass, even if not on all sides. In contrast, a fabric may be "covered on both sides" with plastic by applying a sheet of plastic to each side of the fabric, even though the fabric is not fixed in a surrounding mass of plastic. *See Technical Report* at 4 ("A covered fabric

consists of a fabric to which a sheet of another material has been fixed."). Although both fabrics have plastic fixed to their outer surfaces, they achieve this result through different processes. We read Note 2(a)(3) to exclude both final products, no matter the process used to create them.

Because Kalle's proposed interpretation fails to give meaningful effect to the inclusion of "completely embedded" and fails to distinguish between an "impregnated" fabric and a "completely embedded" fabric, we decline to adopt it. Instead, we find that our reading of "completely embedded in plastics" is necessary to give effect to all of the language of both heading 5903 and Note 2(a)(3). *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) ("In construing a statute [courts] are obliged to give effect, if possible, to every word Congress used.").

## III

We have considered Kalle's remaining arguments and find them unpersuasive. We conclude that Kalle's Nalo-Protex G1 and G2 casings are not "completely embedded in plastics" as that phrase is used in HTSUS Chapter 59 Note 2(a)(3). Accordingly, we affirm the Trade Court's decision to classify the casings under HTSUS subheading 6307.90.98.

**AFFIRMED**

Costs

No costs.

# United States Court of Appeals for the Federal Circuit

_____

**KALLE USA, INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2018-1378

_____

Appeal from the United States Court of International Trade in No. 1:13-cv-00003-GSK, Judge Gary S. Katzmann.

_____

HUGHES, *Circuit Judge, concurring.*

I agree with the panel opinion's conclusion that Kalle's casings are not "completely embedded in plastics" under HTSUS Chapter 59 Note 2(a)(3) but write separately because I reach that conclusion through different reasoning. I would find that the phrase "completely embedded in plastics" requires every surface of a fabric's fibers to be surrounded by plastic. Thus, because the inner surface of Kalle's casings is free of plastic, I agree with the panel opinion that they are not "completely embedded in plastics."

I agree that the common definition of "embedded" is "set or fix[ed] firmly in a surrounding mass," Maj. Op. at 7, and the common definition of "completely" is "full[y],

whole[y], entire[ly]," *id.* at 7–8. And by including the adverb "completely" in Note 2(a)(3), I presume that Congress intended to distinguish between fabrics that are "embedded" in plastics and those that are "completely embedded." *See Reiter*, 442 U.S. at 339 ("In construing a statute [courts] are obliged to give effect, if possible, to every word Congress used."). Accordingly, to give full effect to the inclusion of "completely," I would find that "completely embedded" requires that every fiber of the fabric is *entirely* fixed in a surrounding mass of plastic, meaning that every surface of the fiber must be surrounded by plastic.

Here, although Kalle's casings may be "embedded" in plastic because the plastic coating is fixed to the fabric and fills the fabric's interstices, the casings are not "completely embedded" because their inner surfaces are free of plastic. Therefore, I agree with the panel opinion's affirmance of the Trade Court's decision to classify the casings under HTSUS subheading 6307.90.98.