# United States Court of Appeals for the Federal Circuit

---

**ASPECTS FURNITURE INTERNATIONAL, INC., IMSS, LLC,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2021-2060, 2021-2061

---

Appeals from the United States Court of International Trade in Nos. 1:18-cv-00222-MAB, 1:19-cv-00029-MAB, Judge Mark A. Barnett.

---

Decided: July 28, 2022

---

LAURA ANDREEA MOYA, Law Offices of Robert W. Snyder, Irvine, CA, argued for plaintiffs-appellants. Also represented by ROBERT WAYNE SNYDER.

MARCELLA POWELL, International Trade Field Office, Civil Division, United States Department of Justice, New York, NY, argued for defendant-appellee. Also represented by BRIAN M. BOYNTON, HARDEEP KAUR JOSAN, AIMEE LEE, PATRICIA M. MCCARTHY, JUSTIN REINHART MILLER; PAULA S. SMITH, Office of the Assistant Chief Counsel, Bureau of

Customs and Border Protection, United States Department of Homeland Security, New York, NY.

———————————

Before DYK, REYNA, and STOLL, *Circuit Judges.*

REYNA, *Circuit Judge.*

Appellants challenge the timing and procedure by which the United States Customs and Border Protection provided notice to Appellants of the liquidation of eleven entries of wooden bedroom furniture from China. Appellants contend that the United States Court of International Trade erred in determining that Customs timely liquidated or reliquidated ten entries and that Customs' mislabeling of the notice of reliquidation for the remaining entry was harmless. We affirm.

PROCEDURAL BACKGROUND

Appellants Aspects Furniture International, Inc. ("AFI") and IMSS, LLC ("IMSS") are importers of wooden bedroom furniture from China. Appellants challenge the procedure by which the United States Customs and Border Protection ("Customs") liquidated and/or reliquidated certain of Appellants' entries of wooden bedroom furniture. At issue are the following eleven imports entered during 2014:

> (1) nine entries made by AFI on February 18, February 23, July 8, July 27, and December 15, respectively ("AFI's Nine Subject Entries");

> (2) one entry made by AFI on January 31 ("AFI's Tenth Subject Entry") (together with AFI's Nine Subject Entries, "AFI's Subject Entries"); and

> (3) one entry made by IMSS on September 11 ("IMSS's Subject Entry").

J.A. 6, 157, 170, 180, 191, 201, 212, 223, 231, 242, 257, 275.

On March 2, 2015, the U.S. Department of Commerce ("Commerce") initiated the tenth administrative review of the antidumping order covering wooden bedroom furniture imported into the United States from China. *See Initiation of Antidumping & Countervailing Duty Admin. Revs.*, 80 Fed. Reg. 11,166, 11,168 (Dep't Commerce Mar. 2, 2015). On April 11, 2016, Commerce published the results of the tenth administrative review in the Federal Register, which set a China-wide antidumping duty rate of 216.01 percent *ad valorem*. *See Wooden Bedroom Furniture From the People's Republic of China: Final Results & Final Determination of No Shipments, In Part: 2014 Admin. Rev.*, 81 Fed. Reg. 21,319 (Dep't Commerce Apr. 11, 2016) ("Final Admin Results").

On April 26, 2016, the American Furniture Manufacturers Committee for Legal Trade and Vaughn-Bassett Furniture Company, Inc. ("AFMC") filed a lawsuit challenging the Final Admin Results before the Court of International Trade. *Am. Furniture Mfrs. Comm. for Legal Trade v. United States*, No. 16-cv-00070 (Ct. Int'l Trade) ("AFMC Litigation"). On April 27, 2016, the Court of International Trade issued an injunction to enjoin the liquidation ("suspension of liquidation") of the entries involved in the AFMC Litigation, including the entries at issue in this appeal. J.A. 6. On March 13, 2017, the Court of International Trade dismissed the AFMC Litigation for lack of subject-matter jurisdiction. *See Am. Furniture Mfrs. Comm. for Legal Trade v. United States*, No. 16-00070 2017 Ct. Intl. Trade LEXIS 24, at *5–12 (Mar. 13, 2017). On May 12, 2017, the dismissal of the AFMC Litigation became final. *See* J.A. 8. On May 30, 2017, Commerce issued liquidation instructions to Customs for the subject entries, which notified Customs of the end of the injunction. *Id.*

On November 24, 2017, Customs liquidated AFI's Nine Subject Entries. J.A. 158, 173, 183, 194, 204, 215, 226, 234, 245. On November 30, 2017, AFI's Tenth Subject Entry was deemed liquidated. J.A. 413. On December 1, 2017,

Customs sent a notice of liquidation as to AFI's Tenth Subject Entry. J.A. 260. AFI's Subject Entries were assessed a final antidumping duty rate of 216.01 percent. J.A. 9. AFI timely protested the liquidations, and Customs denied the protests. J.A. 286.

On November 30, 2017, IMSS's Subject Entry was deemed liquidated. J.A. 9. On February 16, 2018, Customs sent a notice of liquidation regarding IMSS's Subject Entry. J.A. 278. On February 28, 2018, Customs sent a notice of reliquidation of IMSS's Subject Entry. J.A. 280. As with AFI's Subject Entries, Customs assessed a final antidumping duty rate of 216.01 percent. J.A. 10. IMSS timely protested the reliquidation, and the protest was denied by operation of law. *Id.*

On October 27, 2018, AFI timely filed suit before the Court of International Trade challenging Customs' denial of its protests. *Id.* On March 22, 2019, IMSS filed a similar suit. *Id.* On August 25, 2020, the Court of International Trade consolidated the two actions for purposes of discovery and briefing. J.A. 11.

On November 12, 2020, the Government filed a motion for summary judgment and the parties' joint statements of material facts. *Id.* That same day, IMSS responded to the Government's motion for a protective order and moved to compel discovery regarding the date Customs was served with the Court of International Trade's decision dismissing the AFMC litigation. *Id.* Thereafter, the court deferred ruling on the motion for a protective order and stayed the Government's response to IMSS's motion to compel. *Id.*

On December 17, 2020, Appellants cross-moved for summary judgment in opposition to the Government's motion. J.A. 12. On March 5, 2021, the court ordered additional briefing regarding what, if any, harm Appellants suffered from Customs' alleged error of labeling the notices of reliquidation as notices of liquidation and, if there was an error, whether it was harmless. *Id.* On March 29, 2021,

the court heard oral argument regarding the supplemental briefing. *Id.*

On April 9, 2021, the Court of International Trade issued final judgment, granting the government's motion for summary judgment. J.A. 1. The Court of International Trade determined that the applicable date of notice under 19 U.S.C. § 1504(d) was May 30, 2017, the date on which Commerce sent liquidation instructions to Customs. J.A. 23. The Court of International Trade also determined that its March 13, 2017, decision in the AFCM litigation did not provide unambiguous notice that the relevant injunction was lifted. J.A. 17–18. As such, the Court of International Trade denied Appellants' request for discovery concerning when Customs received a copy of the Court of International Trade's decision, reasoning that even if Customs received the decision before May 30, the decision did not provide the requisite notice. J.A. 18–19. The Court of International Trade also concluded that Customs' error in labeling the notice regarding AFI's Tenth Subject Entry as a liquidation instead of a reliquidation was harmless because that entry was liquidated or reliquidated within the relevant statutory period, and the effect was the same. J.A. 42.

Appellants timely appealed. This court has exclusive jurisdiction pursuant to 28 U.S.C. § 1295(a)(5).

STANDARD OF REVIEW

We review a grant of summary judgment by the Court of International Trade de novo. *Kahrs Int'l v. United States*, 713 F.3d 640, 643–44 (Fed. Cir. 2013). Although we apply a de novo standard of review, we give great weight to the informed opinion of the Court of International Trade. *Nan Ya Plastics Corp. v. United States*, 810 F.3d 1333, 1341 (Fed. Cir. 2016).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." U.S. CIT R. 56(a) (2015). A nonmoving party establishes that there is a genuine dispute of material fact only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

## DISCUSSION

When importing a good into the United States, a U.S. importer of record is required to use reasonable care in providing Customs with true and correct documentation regarding the value it declares for the imported merchandise. 19 U.S.C. §§ 1484, 1485. Should a dispute arise with Customs as to the actual value of the entry, an interested party may challenge the value asserted by Customs by filing a protest. *Allegheny Ludlum Corp. v. United States*, 287 F.3d 1365, 1368 (Fed. Cir. 2002) (citing 19 U.S.C. § 1675b).

When Customs determines that an entry is covered by an antidumping order, it suspends liquidation[1] and notifies the importer of "determined or estimated" duties. 19 U.S.C. § 159.58. When the suspension of liquidation is lifted, either by statute or court-order, 19 U.S.C. § 1504(d) establishes that Customs shall liquidate the relevant entry "within 6 months after receiving notice of the removal from [Commerce], [an]other agency, or a court with jurisdiction over the entry." Otherwise, the entry will be deemed liquidated "at the rate of duty, value, quantity, and amount of duty asserted by the importer of record." 19 U.S.C. § 1504(d). In order for an entry to be deemed liquidated, the suspension of liquidation must have been removed; Customs must have received notice of the removal of the

---

[1]   "Liquidation" is defined as "the final computation or ascertainment of duties on entries for consumption or drawback entries." 19 C.F.R. § 159.1.

suspension; and Customs must not have liquidated the entry at issue within six months of receiving notice of the suspension removal. *Cemex, S.A. v. United States*, 384 F.3d 1314, 1321 (Fed. Cir. 2004) (quoting *Fujitsu Gen. Am., Inc. v. United States*, 283 F.3d 1364, 1376 (Fed. Cir. 2002)).

We have interpreted § 1504 to require that a notice of removal of suspension of liquidation must be "unambiguous and public." *See id.* at 1320. We have also clarified that the suspension of liquidation under 19 U.S.C. § 1516a(c)(2) cannot be lifted until the time for petitioning the Supreme Court for certiorari expires. *Id.* (citing *Fujitsu*, 283 F.3d at 1379).

An entry that has been liquidated, or deemed liquidated by operation of law, may be voluntarily reliquidated by Customs pursuant to 19 U.S.C. § 1501 provided it is undertaken within 90 days from the date of the original liquidation. Section 1501 provides:

> A liquidation made in accordance with section 1500 or 1504 of this title or any reliquidation thereof made in accordance with this section may be reliquidated in any respect by U.S. Customs and Border Protection, notwithstanding the filing of a protest, *within ninety days* from the date of the original liquidation. Notice of such reliquidation shall be given or transmitted in the manner prescribed with respect to original liquidations under section 1500(e) of this title.

19 U.S.C. § 1501 (emphasis added).

### Notice

Appellants raise two principal arguments on appeal regarding notice. First, Appellants contend that the Court of International Trade erred in determining that there is no genuine dispute of material fact as to the date of notice under § 1504(d). Appellants' Br. 16–21. Second, Appellants argue that the Court of International Trade erred in

denying discovery as to when Customs received a copy of the decision dismissing the AFMC litigation. *Id.*

The date of notice under § 1504(d) is relevant here because if the notice date was before May 24, 2017, then Customs erred with respect to its treatment of AFI's Subject Entries by stating "liquidation" on the notice, instead of "reliquidation," because those entries had already liquidated by operation of law. With respect to IMSS's Subject Entry, if the notice date was before May 24, 2017, then all notices are untimely because each is outside the 6-month [§ 1504(d)] plus 90-day [§ 1501] statutory window.

The core of the dispute regarding notice is whether the March 13 decision in the AMFC litigation gave unambiguous notice of the end of the injunction (which would lift suspension of liquidation). *See Fujitsu*, 283 F.3d at 1376 (holding that there must be "an unambiguous and public starting point for the six-month liquidation period"). We conclude that the Court of International Trade correctly determined that its decision in the AFMC litigation did not provide such unambiguous and public notice, and that there is no genuine dispute of fact as to the notice date.

In its March 13 decision in the AFMC litigation, the Court of International Trade dismissed the case for lack of subject-matter jurisdiction. *Am. Furniture Mfrs. Comm. for Legal Trade*, 2017 Ct. Intl. Trade LEXIS 24, at *5–12. That decision did not discuss or address the injunction in any way and, as such, did not fulfill the statutory requirement that the notice be unambiguous. Accordingly, the Court of International Trade correctly denied discovery as to the date Customs received a copy of its decision because, even if Customs was served a copy, that decision did not constitute adequate notice. Instead, the Court of International Trade correctly determined, the first unambiguous notice of the removal of the suspension of liquidation was the May 30, 2017 liquidation instructions from Commerce to Customs.

Despite Appellants' arguments to the contrary, this court has never held that liquidation instructions cannot provide the statutorily required unambiguous and public notice. *See* Appellants' Br. 19–21 (citing *Int'l Trading Co. v. United States*, 412 F.3d 1303 (Fed. Cir. 2005)). In *International Trading*, this court held that, under the facts of that case, the first public and unambiguous notice of the removal of the suspension of liquidation was when Commerce published the final results of the relevant administrative review in the Federal Register. *Int'l Trading*, 412 F.3d at 1313. In so holding, the court rejected the date on which Commerce sent liquidation instructions to Customs as the operative date of notice because Commerce's earlier publication in the Federal Register had already provided notice to Customs that the suspension of liquidation had lifted. *Id.* Nothing in that decision, or in our holding today, prevents or requires that notice be provided in the form of liquidation instructions from Commerce to Customs. Instead, the relevant event that triggers the date of notice is the first publication of an unambiguous and public notice that then becomes the starting point for the six-month liquidation period, whatever form that may take. *See Int'l Trading*, 281 F.3d at 1275.

In this case, Commerce issued unambiguous liquidation instructions to Customs ending suspension of liquidation on May 30, 2017, shortly after suspension lifted on May 12, 2017. No prior publication, including the decision in the AFMC Litigation, provided sufficient notice. *See* J.A. 20. Accordingly, the Court of International Trade did not err in determining that there was no genuine dispute of material fact as to the date of notice.

### Liquidation v. Reliquidation

Appellants further challenge the Court of International Trade's determination that Customs' mislabeling of a notice as "liquidation," as opposed to "reliquidation," was harmless error. Appellants' Br. 21–26. We agree with

Appellants that the December 1, 2017 notice regarding AFI's Tenth Subject Entry was erroneously labeled "liquidation."[2]  However, Appellants make no cognizable allegation of harm.  For example, § 1501 states explicitly that "[n]otice of such reliquidation shall be given or transmitted in the manner prescribed with respect to original liquidations under section 1500(e) of this title."  19 U.S.C. § 1501.  Here, there are no allegations that the notice was deficient in any manner, except for the missing "re" in "reliquidation."

Informed importers are aware that, under the established statutory scheme, Customs has six months from the notice of the removal of the suspension [§ 1504(d)] plus an additional 90 days from any liquidation or reliquidation [§ 1501] to notify an importer of the "the final computation or ascertainment of duties on entries for consumption or drawback entries" [19 C.F.R. § 159.1].  Here, notice was provided within that window.  Appellants had no expectation of finality at the time of any challenged notice.  To be clear, we do not hold that cognizable harm cannot result from Customs mislabeling its key notices.  Rather, we hold that, in this case, Appellants have not alleged any such harm.  Accordingly, we agree with the Court of International Trade's decision that the labeling error was harmless.

---

[2]    Similarly, it appears that Customs' February 16, 2018 notice regarding IMSS's Subject Entry was also mislabeled as a "liquidation."  *See* J.A. 278.  However, Appellants' argument regarding mislabeling is limited to the December 1, 2017 notice regarding AFI's Tenth Subject Entry, and we limit our review accordingly.

CONCLUSION

We affirm the decision of the Court of International Trade. We have considered the parties' remaining arguments and find them unpersuasive.

**AFFIRMED**

COSTS

No costs.